Day, J.
 

 The chief point for reversal urged by the plaintiffs in error is that in the instructions to the jury before argument and in the general charge the court erred in giving the rule as to the amount of evidence required to set aside a will.
 

 It is apparent that the court followed the rule laid down in the case of
 
 Hall
 
 v.
 
 Hall,
 
 78 Ohio St., 415, 85 N. E., 1125. It is urged on behalf of the plaintiffs in error that the instruction as thus given
 
 *131
 
 “establishes the erroneous rule that the contestants in a -will contest case are not permitted to have the benefit of any favorable testimony which may be given by the witnesses for the contestees;” that it “destroys the benefit of the right of cross-examination ; ’ ’ that it ‘ ‘ deprived the plaintiffs of their right to have the jury consider the demeanor of the beneficiaries of the will and their witnesses upon the stand, which is not disclosed by the record;” that it deprived the plaintiffs ‘ ‘ of the benefit of the situation surrounding the decedent and these beneficiaries as disclosed by the testimony of such beneficiaries. ’ ’
 

 We think the view taken by plaintiffs in error as to the construction to be given the language in
 
 Hall
 
 v.
 
 Hall, supra,
 
 is too narrow. The rule announced in the
 
 Hall case
 
 has been followed by the trial courts in this state for over 20 years, and the language, which was substantially followed in the instant case, is as follows: “That before they would be entitled to return a verdict setting aside the will they must be able to find that the evidence adduced by the contestant, Charles F. Gr. Hall, outweighs both the evidence adduced by the defendant, Anne S. Hall, and the presumption arising from the order of the probate court admitting the will to probate as the valid last will and testament of Mercy A. Hall.”
 

 This language is found in a journal entry and is not in the form of a syllabus or
 
 per curiam
 
 and is to be construed in the light of the specific facts and circumstances disclosed by the record in that case. An examination of the record of that case, on file in this court, discloses that the controversy centered about the charge of the court, and that the grounds
 
 *132
 
 of reversal were for the failure of the trial court in his charge to give proper explanation to the jury of the
 
 effect
 
 of the statutory provision as to the order of probate being
 
 “prima facie
 
 evidence of the due attestation, execution, and validity of the will;” that this presumption, together with the evidence in favor of the validity of the will, must be overcome by the evidence against the validity of the will before the jury would be warranted in setting aside the will. Other errors in the charge in the
 
 Hall case
 
 were found, not necessary here to discuss. The use of the words “adduced by the contestant” and “adduced by the defendant” was intended in no sense as restricting the evidence to witnesses called by the respective parties, and this court has never so construed this journal entry in the
 
 Hall case.
 
 It is to be regarded as a direction to the trial court in a retrial of that case to give proper instruction as to the effect of Section 12083, General Code.
 

 It is, of course, the general rule that the jury is to determine the issues from all the evidence in the case, not that produced and offered exclusively by one side or the other, but from the testimony of all witnesses, the depositions, and any other items of evidence admitted at the trial. Evidence may be adduced by the contestant of a will even though he adduces it from some of the witnesses offered by the other side, and, of course, the converse of the proposition is true. The word “adduced” is broader in its significance than the word “offered,” and some of the synonyms are “to present,” “to advance,” “to state,” “to mention,” “allege,” “cite,” “assign. ’ ’ The Century Dictionary defines the word as meaning “to bring forward proofs or evidence in
 
 *133
 
 support of some statement or proposition already made. ’ ’
 

 We think that the principle of law as given to the jury, in the light of the whole charge, would not violate the various pronouncements of this court, which, summed up, are to the effect that in order to set aside a will the evidence adduced in the case against the will must outweigh both the evidence adduced in favor of the will and the presumption arising from the order of the probate court admitting the will to probate as the valid last will and testament of the testator.
 
 Kennedy, Exr.,
 
 v.
 
 Walcutt,
 
 118 Ohio St., 442, 161 N. E., 336, sixth syllabus.
 

 The language of the journal entry in the
 
 Hall case
 
 is not to be construed as limiting the testimony in a will contest to that offered and presented exclusively by one side or the other, but should be construed to mean all the evidence in the case, offered in support of the will or against it.
 

 Upon a full examination of the record in the instant case, we do not think that it affirmatively appears that the jury was misled by the instructions given, or that the plaintiffs in error were deprived of any rights in the premises thereby. However, the language of the sixth syllabus of the case of
 
 Kennedy, Exr.,
 
 v.
 
 Walcutt, supra,
 
 or of the syllabus of this case, states the rule in form less liable to misconstruction than does the language of the
 
 Hall case,
 
 and we suggest that in the trial of will contests the rule as indicated in the
 
 Kennedy case
 
 or in this case be followed.
 

 Criticism is made of the language of the court in defendants’ special instruction No. 1, wherein he told the jury that “the written instrument intro
 
 *134
 
 duced in evidence in this case purporting to be the last will and testament of Daniel W. Van Demark, deceased, was lawfully executed in the manner and form required by the laws of the state of Ohio,” which instruction was claimed to be erroneous when taken in conjunction and connection with the defendants’ special instruction No. 6, to the effect that the testator “had the right to dispose of his property by last will and testament, lawfully executed, in any way he saw fit. You are not at liberty to make a will for him, that was his right. You are simply to decide whether the one he made was sanctioned by and fullfilled the requirements of the law, and you can not set aside his will on the grounds that you do not regard it as a fair and reasonable will.” Also, that the expression “lawfully executed,” as used in No. 6, taken in conjunction with the same expression in No. 1, was tantamount to a direction to the jury that it should return a verdict sustaining the will because it was “lawfully executed. ’ ’
 

 We do not think that these two instructions upon different propositions of law applicable to the issues in the case are to be thus combined and made to appear by conflicting statement in such light that the jury is misled thereby. An examination of the record discloses that the will in question was properly signed by the testator at the end thereof, in the presence of two witnesses, and acknowledged to be his will; and there is no issue in the case regarding the form and manner of the execution of the will, and no question that it was lawfully executed.
 

 Defendant’s request No. 6 has to do with the proposition that the jury was not concerned with the
 
 *135
 
 question whether the will, as made, was an equitable, just, or fair disposition of his property, if the testator was of sound mind and not under restraint when he made the will; and we do not think the jury could have been in the least misled by the use of the words “lawfully executed” in request No. 6, nor that it confused the same with the instruction as to the legal formalities requisite to constitute a proper will, as provided in the statutes of Ohio.
 

 Another ground of alleged error is the refusal of the trial court to give instructions before argument, Nos. 6 and 7, requested by the plaintiffs in error. These requests cover a broad field and were much alike, the substance thereof being that the jury should consider every phase of the case as shown by the evidence, “ * * * and, in brief, every fact or circumstance which tends to throw any light on the question submitted to you in determining whether the will in question was obtained or made by the testator under any undue influence, or whether it is the will of Daniel Van Demark.” Request No. 6. “ * * * And in brief, every fact or circumstance which tends to throw any light on the question submitted to you. ” Request No. 7.
 

 There is no limitation placed on the scope or nature of the evidence in either request. The record discloses some declarations of the testator, before and after the date of executing the will, which might be considered by the jury upon the question of undue influence, as well as upon the question of the mental capacity of the testator at' the time of making the will. To consider said declarations solely upon the issue of undue influence would violate the rule that declarations of a testator made before
 
 *136
 
 and after the making of a will, if made near such time, are admissible to prove the state of mind of the testator, but are not admissible as substantive proof of the fact of undue influence; and if the declarations tend to prove both the fact of undue influence and the state of mind of the testator, the court may admit the testimony and instruct the jury that it can consider the declarations so far as they tend to prove the state of mind of the testator. The question in cases of alleged undue influence is the effect upon the mind of the testator of the person by whom such claimed undue influence is exercised, and, accordingly, the condition of testator’s mind is of the utmost importance. 5 Ann. Cas., 608, and cases cited; 107 Am. St. Rep., 465; 28 Ruling Case Law, 153; Alexander on Wills, vol. 2, Section 608.
 

 A well considered case stating the rule is that of
 
 Hobson
 
 v. Moorman,
 
 Exr.,
 
 115 Tenn., 73, 90 S. W., 152, 5 Ann. Cas., 601, annotated in 3 L. R. A. (N. S.), 749. The syllabus of the case is: “Ante-testamentary declarations of a testator are not admissible as substantive evidence of undue influence in the making of the will.”
 

 After a thorough discussion of the question and authorities, the court in their opinion say: “In our opinion, the great weight of authority confirms the rule, announced by the circuit judge in his instructions to the jury, that such previous declarations are always admissible for the purpose of illustrating the mental capacity of the testator and his susceptibility to extraneous influence, and also to show his feelings, intentions, and relations to his kindred and friends; but such declarations are not admissible as substantive evidence of undue influence.”
 

 
 *137
 
 In 2 Jones, Commentaries on Evidence (2d Ed.), Section 1615, the author lays down the following: “Except where part of the
 
 res gestae,
 
 declarations of the testator afford no substantive proof of fraud, duress or undue influence, and are not admissible for such a purpose. To establish fraud or undue influence, there must be independent proof and evidence exclusive of such declarations. If the statements are mere recitals of facts, and there is no independent proof of undue influence, they are, of course, pure hearsay and inadmissible. But on the other hand, if it appears that the particular declarations were made at the time the fraud or undue influence was being effected, such declarations ¡might be admissible, in proper case, as part of the
 
 res gestae.
 
 Such declarations, it is true, so far as they show the mental condition of the testator, may constitute a part of the proof of undue influence.
 
 But standing alone they furnish no proof of the alleged undue influence. ”
 

 With no limitation whatsoever thereon, or explanation of the abstract propositions involved and the application of the evidence, we think the trial court was justified in refusing both No. 6 and No. 7 of plaintiffs in error’s request to charge before argument.
 

 At the conclusion of the general charge plaintiffs in error requested further instructions upon the subject of undue influence that might be induced by fear that Hilda Tompkins might leave the testator, which the court declined to give. We find in the general charge this language: “But if the influence arises to that degree of importunity or pressure as to overcome the will of the testator and make him
 
 *138
 
 yield for the sake of peace or quiet and reluctantly do something which is against his own will and desire and what he would not have done if left to himself then the law would characterize such influence as undue influence and it would invalidate the will.” Further, in plaintiffs in error’s special instruction No. 1, given before argument, this language .appears: “Any fear, or desire for peace, or over-persuasion, may amount to • undue influence, and if you find that it was actually exerted and had its effect on Daniel Van Demark in making his will you will render a verdict finding that the will in question in this case is not the will of Daniel Van Demark.”
 

 Other instructions on the subject of undue influence appear in instructions given before argument and in the general charge, and we are satisfied that the subject was thoroughly covered and that no prejudicial error intervened by the trial court refusing to give the requested instruction at the close of the general charge.
 

 Other errors are urged in this record, which is a voluminous one. The hearing consumed six trial days, and we are impressed with the care with which the trial court conducted the hearing. While some criticism could doubtless be made of some of the rulings, and the general charge was perhaps unnecessarily long, we are of opinion that no prejudicial error appears in the record. The chief issue was whether or not the testator was free from undue influence. The jury upon this paramount issue reached the conclusion that the paper writing in question was the -last will and testament of said Daniel W. Van Demark, and was not the product of
 
 *139
 
 an undue influence. This being a question of fact, and, under our judgment, properly submitted to the jury as to the law applicable thereto, we decline to disturb the conclusion of the Court of Appeals, and its judgment in the premises is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.