### STEINLE v KESTER et

· Ohio Appeals, 2nd Dist, Darke Co

No 416. Decided Dec 22, 1932

Billingsley & Mannix, Greenville, for plaintiff· in error.

Vernon L. Marchal and John F. Maher, Greenville, for defendant in error.

KUNKLE, J.

The first ground is that the verdict of the jury was contrary to the weight of the evidence.

This is not made one of the grounds of error in the petition in error. An examination of the motion for a new trial filed in the lower court also discloses that the weight of the evidence was not made a ground of error in the lower court.

Notwithstanding this state of the record, we have examined the testimony and upon such examination are clearly of opinion that a reviewing court would not be justified in disturbing the verdict on the ground that the same is against the manifest weight of the evidence. There is a sharp conflict in the testimony in reference to the genuineness of the signatures on this last will. There is ample testimony in the record to support the finding of the jury that such signatures are genuine, if the jury believed certain testimony. The special finding of fact made by the jury supports the conclusion that the jury did believe the testimony which tended to show the genuineness of the signatures in question.

If the weight of the evidence is before us, we would not feel warranted in disturbing the verdict of the jury upon that ground.

The second error complained of relates to the refusal of the trial court to give a special instruction in advance of the argument.

The special instruction requested and refused is as follows:

"The court further charges you that if you find from a preponderance of all the evidence that the signature of one or both of the subscribing witnesses to the alleged will of J. E. Kester is not the genuine signature of either F. M. Wolf or of Charles J. Herr, then your verdict must be that the paper writing involved in this case is not the valid last will and testament of J. E. Kester."

This special charge was refused by the trial court because of its failure to incorporate the presumption arising from the probate of the will.

If the charge as requested contains a correct statement of the law, then, of course, plaintiff in error was entitled to have same given prior to argument of counsel and failure to do so would constitute prejudicial error. This rule is well established and will not require citation of authorities.

Sec 12083 GC provides that:

"On the trial of such issue, the order of probate shall be prima facie evidence of the due **attestation, execution** and **validity** of the will or codicil."

We have underscored three words solely for the purpose of emphasizing the issues upon which the order of probate shall constitute prima facie evidence. Such order of probate is prima facie evidence of the attestation as well as the execution and validity of the will.

In the case of **West v Lucas, 106 Oh St,** 255 one of the paragraphs of the syllabus is as follows:

"Instructions by the trial court in a will contest must clearly define the rule that the evidence introduced by contestant, in order that he may prevail, must be a preponderance, outweighing both the evidence produced by the contestee and the presumption of validity that arises from probate of the will."

See also case of **Hall v Hall, 78 Oh St, 415.**

From a consideration of the authorities we are of opinion that the trial court properly refused the instruction requested for the reason that such instruction failed to recognize or rather to include the presumption as to the due attestation, execution

and validity of the will arising from the probate thereof.

Finding no error in the record in the respects urged by counsel for plaintiff in error the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.