## HOGAN et v HOGAN et

Ohio Appeals, 9th Dist, Lorain Co

No 854. Decided Dec 10, 1937

Levin & Levin, Lorain, for appellees.

Glitsch, Stack & Moon, Lorain, for appellants.

## OPINION

By DOYLE, J.

This is an appeal on questions of law from the Court of Common Pleas of Lorain County, wherein a judgment was rendered declaring that the purported last will and testament of John H. Hogan was not the last will and testament of the said John H. Hogan, deceased.

It appears from the record that on the 4th day of February, 1936, John H. Hogan died, leaving a purported last will and testament, which was later probated in the Probate Court of Lorain County. The purported will was dated August 6, 1935, and, by its terms, left the decedent's entire estate to his widow, Clara E. Hogan, except bequests of $25 to each of his children by a former marriage, Bernice Ruth Hogan and Frank Hugh Hogan, the contestants herein.

The issue in the Court of Common Pleas was made by the filing of a petition by the contestants, charging "that said paper writing aforementioned is not the last will and testament of said John H. Hogan," and "that, at the time of the alleged making of said paper writing, the said alleged testator was not of sound and disposing mind and memory and was under undue influence and restraint in so attempting to make the same."

The proponents, by the offering of the will and the certificate of probate of the same, made a prima facie case of the validity of the will. At the conclusion of the evidence on the part of the contestants, the proponents of the will made a motion to direct the jury to return a verdict sustaining the will, on the ground that the evidence of said contestants was such that reasonable minds could reasonably arrive at but one conclusion, that being that the testator, at the time he made his will, was of sound and disposing mind and memory, and was not under any undue influence or restraint. That notice was overruled, and at the conclusion of all of the evidence a like motion was made and again overruled. The case was thereupon submitted to the jury, which returned a verdict setting aside the will.

After a careful reading and consideration of the very voluminous record in the case, we have reached a unanimous conclusion which makes it unnecessary to consider many of the errors complained of by the proponents of the will. It is the conclusion of this court that, under the evidence shown by this record, reasonable minds cannot reasonably arrive at the conclusion that at the time the testator made his will he was not of sound and disposing mind, or that he was under any undue influence or restraint. Therefore it is our duty not only to reverse the judgment, but to render the judgment which the trial court should have rendered at the conclusion of

all of the evidence in the case—to-wit, in favor of the validity of the will.

**Cummings v Nichols, 53 Oh Ap 520, (22 Abs 12)** which was approved and followed by this court in **Putt v Putt,** No 848, Lorain County, decided Nov. 15, 1937 (25 Abs 672).

There is one error shown by the record which we should notice notwithstanding the conclusion hereinbefore announced. The trial court committed prejudicial error in giving contestants' special request to charge before argument No. 2. While children have a natural claim upon the bounty of their father, it is prejudicial error to charge, before argument, in a will contest, that, as between children and the wife of the father, the children "have the first claim" upon the father's consideration. We so hold notwithstanding the obiter dictum illustration contained in the case of **Neimes v Niemes et, 97 Oh St 145,** at p. 156.

Judgment reversed and final judgment for appellants.

STEVENS, PJ, and WASHBURN, J, concur in judgment.