## CAVE et v McLEAN et

Ohio Appeals, 2nd Dist, Fayette Co

Decided December 7, 1939.

N. B. Clyburn, Washington C. H., and W. S. Paxon, Washington C. H., for appellants.

E. L. Bush, Washington C. H., and Maddox & Maddox, Washington C. H., for appellees.

## OPINION

By GEIGER, J.

This matter arises in an action in which the plaintiffs below allege that the will of Maria J. Cave was not her last will and testament. The statutory issues were made and the matter submitted to a jury upon the evidence. The jury sustained the will. Errors assigned are to the effect (1) that the verdict is contrary to the manifest weight of the evidence and to law; (2) that the court erred in admitting testimony offered by defendants and objected to by plaintiffs; (3) that the court erred in refusing to give special instructions requested by plaintiffs; and (4) that the court erred in giving special instructions requested by the defendants.

Maria J. Cave was 86 years of age when the instrument purporting to be her will was signed. Her husband died intestate in 1935, leaving Maria J. his only heir. She died on May 14, 1937. By the instrument purporting to be her will she disposed of about $75,000 of property, much of which came from her deceased husband. She made bequests to her husband's relatives and also to her own. The contest was based upon the claim of the plaintiffs that the testatrix was without proper testamentary capacity and that she was under undue influence at the time she made the will. Bequests were made to certain individuals who were not related to her or her husband by blood. Among these were one Arthur Maddox, a friend, and Norman L. McLean and his wife, Blanche. Norman L. McLean was the attorney for the deceased husband, C. A. Cave, and for the testatrix.

Norman L. McLean was designated as executor. The will was properly probated.

The first assignment of error is to the effect that the verdict sustaining the will is against the weight of the evidence and contrary to law. This requires the court to read the bill of exceptions which is voluminous. Many witnesses were examined by each side, and as is usual in such cases some supported the claim of the plaintiffs, while another group supported the defendants' claim. The verdict of the jury was to the effect that the paper writing was the last will and testament of Mrs. Cave, and such verdict was signed by 12 jurors. The matter was eminently a question for a jury and this court upon the reading of the record finds no occasion to support the assignment that the verdict is contrary to the manifest weight of the evidence. We feel that it is abundantly supported by the record.

No complaint is made as to the general charge of the court. It seems to be a clear statement of the law applicable to the issues and the evidence. However, there is serious objection to the refusal of the court to give certain special instructions requested by the plaintiffs and to the giving of certain special instructions requested by the defendants. The court refused to give instructions 2, 3, 7, 8 and 9 requested by the plaintiffs but gave 9 other special instructions so requested.

Instruction No. 2 requested by the plaintiffs and refused by the court was as follows:

"2. I charge you that in the event you find by a preponderance of the evidence that any part of said will, or any benefit given in said will, was a result of undue influence, that such influence would invalidate the entire will of the testatrix, and you should find by your verdict that the paper writing is not the valid last will and testament of Maria J. Cave."

Plaintiffs' instruction No. 3, refused by the court, also related to undue influence.

The court below stated that "special instructions Nos. 2 and 3 were refused for the sole reason that they did not fully state the rule as to the burden of proof resting upon the plaintiffs in that they did not incorporate and give effect to the presumption of the validity which arises from the probate of the will."

The case of **West v Lucas, 106 Oh St 255, 139 N. E. 859**, holds the following:

"Instructions by the trial court in a will contest must clearly define the rule that the evidence introduced by contestant, in order that he may prevail, must be a preponderance, outweighing both the evidence produced by the contestee and the presumption of validity that arises from probate of the will."

See, also **Kennedy, Exr. v Walcutt, 118 Oh St 442, 161 N. E. 336**.

In **Van Demark v Tompkins, Exr., 121 Oh St 129, 167 N. E. 370**, Judge Day, delivering the opinion of the court, on page 133, comments on the case of **Hall Exrx. v Hall, 78 Oh St 415, 85 N. E. 1125**, and states:

"However, the language of the sixth syllabus of the case of Kennedy, Exr. v Walcutt, supra, or of the syllabus of this case states the rule in form less liable to misconstruction than does the language of the Hall case, and we suggest that in the trial of will contests the rule as indicated in the Kennedy case or in this case be followed."

In Hall, Exrx. v Hall, supra, a journal entry discloses the rule there pronounced by the court, to the effect that a charge to the jury is misleading and erroneous if it nowhere distinctly states or sufficiently emphasizes that the order of probate of the will by the Probate Court raises a presumption that the will so probated is the valid last will of the testator. It was held in that case that the court did not clearly explain to the jury the legal effect of the provision of the statute.

Judge Day in the Van Demark case comments upon the case of Hall, Exrx. v Hall, just cited, as follows:

"This language is found in a journal entry and is not in the form of a syllabus or per curiam and is to be construed in the light of the specific facts and circumstances disclosed by the record in that case."

In the case of **Steinle v Kester, 46 Oh Ap 245, 188 N. E. 395**, it was held that the order of probate is prima facie evidence of attestation as well as execution and validity of a will, citing §12083 GC. It is further held that instructions in a will contest must clearly define the rule that evidence introduced by contestants, to warrant setting aside the will, must by preponderance outweigh both the evidence produced by the contestees and the presumption of validity arising from the probate of the will.

In view of these authorities we are of the opinion that the ▮▮▮▮▮ ▮ court below committed no error in refusing special instructions Nos. 2 and 3, for the reason that such instructions did not incorporate the necessary references to the order of probate.

Requests Nos. 7, 8 and 9 were also refused. They are as follows:

"7. In such a case as the present, in which the person who writes the will, is the attorney for the testatrix and a stranger to the blood of the testatrix and takes a large interest under it, there is a presumption of undue influence. Such presumption of undue influence is an inference of fact which the jury may draw but is not conclusive nor a presumption of law.

"8. This case being one in which the person who wrote the will, namely, Norman L. McLean, takes a large benefit under it, in order to show that the testatrix Maria J. Cave, knew the contents of the will, a preponderance of the evidence must show that the will was read to her or read by her before she signed it or that she gave instructions for such a will or to prove some other fact or facts equal as evidence to one of these.

"9. In such a case as the present in which the person who writes the will takes a large interest under it and he is a stranger to the blood of the testatrix, the presumption is that the testatrix, although signing the will, did not know its contents, and the burden is on him who wrote the will to rebut and overcome this presumption by showing that the testatrix did know the contents of the will."

These refused special instructions involve the same questions and need not be separately discussed.

We are frank to say we have had some difficulty with this matter.

Instructions Nos. 7 and 9 are to the effect that where the person who writes the will is a stranger to the blood of the testatrix and takes a large interest under the will, there is a **presumption** of undue influence and a presumption that the testatrix did not know the contents of the will, and that the burden is upon the one who wrote the will to rebut and overcome this presumption. The refused instruction No. 7 states that such presumption is an inference of fact which the jury may draw but is not conclusive nor a presumption of law.

Inasmuch as counsel have, in the 7th and 9th proffered instructions, used the word "presumption" it might be well to ascertain whether there is a definite meaning attached to this word under the law of Ohio.

In the case of **Ensel v Lumber Ins. Co. of New York,** 88 Oh St 269, at 282, 102 N. E. 955, Judge Wilkin, in delivering the opinion of the court, makes this statement:

"The error of counsel throughout this case, lies in a confusion of terms. They mistake inference for presumption—a slip too often unconsciously made by judges as well as lawyers. A presumption is a rule which the law makes upon a given state of facts; an inference is a conclusion which, by means of data founded upon common experience, natural reason draws from facts which are proven.

"A presumption of law may be prima facie only—that is, a hypothesis which will admit of proof to the contrary; or it may be absolute—that is, a postulate which, for reasons of legal policy, the law will not permit to be contradicted."

We find some principles enunciated in Ohio having to do with those who have confidential relations with the testator, and are favored beneficiaries. The matter was under consideration in Hall, Exrx. v Hall, supra, and there related only to the relationship of trust or confidence and did not specifically relate to one who, occupying such a position, actually drew the instrument which the testatrix signed. We find this on page 416:

"And that the court erred in charging that, 'The law also scrutinizes with

greater care the acts of the son ·or daughter who is remembered in a will to a larger extent than are others bearing the same kinship, if such son or daughter is in a close relationship of trust or confidence, or upon whom a testatrix would implicitly rely, than it would on others bearing no such relationship'."

The matter is also discussed in the case of **Haley v Dempsey, Exr., 14 Oh Ap 326**:

"5. The so-called presumption of undue influence arising from confidential relations between testator and beneficiary is a mere inference of fact and not a presumption of law regarding which the court should charge the jury."

The court on page 332 quotes with approval from Page on Wills (1 Ed.), 492, §414:

" 'While the jury may find undue influence as a fact from the fact that a beneficiary in confidential relations with testator drew the will, the court must not charge the jury as a matter of law so to find.' " See, also, cases cited and commented upon under this section of Page; and **Hutson v Hartley, 72 Oh St 262, 74 N. E. 197**, relating to a lost or spoliated will.

There are cases outside Ohio definitely sustaining the position that under some circumstances an inference arises as to undue influence.

In 68 Corpus Juris, 758, §450, it is stated in general that mere interest or opportunity to exercise undue influence affords no presumption or inference that such influence was exercised unless combined with circumstances tending to show its exercise in relation to the ·will. Section 451 of the same volume points out the fact that in a few jurisdictions the existence of a confidential relation creates a presumption of undue influence, but states that the rule obtaining in the majority of jurisdictions is that a presumption of un-

due influence is not raised by the mere fact that a beneficiary occupies a confidential or fiduciary relation such as attorney, physician, guardian, etc.

In 28 Ruling Case Law, 145 et seq. §99, we find the following to have been stated in substance: The rule that the participation of a beneficiary in the making of a will will arouse the vigilance of the court is applicable where such beneficiary has much to do with its preparation as well as where he is the actual draftsman. A fact of great importance in wills drawn by beneficiaries may be found in any mental weakness or illness on the part of the testator; when the person who drafts a will or participates in procuring its provisions also occupies a ·relation of special confidence and would not be a beneficiary in the absence of the will and is specially benefited by its terms, the general rule is that a presumption of undue influence will arise and the burden of proof will be on him to show that the will was executed freely and without his influence.

As a rule, one named as a beneficiary is not disqualified from serving as draftsman and the will is not invalidated per se by the fact that it was written by a favored legatee.

28 Ruling Case Law, 146, §100, is to the effect that it is the generally accepted view that confidential relations do not raise a presumption that the beneficiary has exercised undue influence and do not cast upon the beneficiary the burden of disproving the same. It is then stated that "those consequences follow only when the beneficiary has been actively concerned in some way with the preparation or execution of the will."

Snyder v Steele, 287 Ill., 159, 122 N. E. 520, holds that, standing alone, the fact that the testatrix's attorney, who managed her property and stood in a confidential relation to her, prepared the will or procured its preparation and profited by it, sustains the charge that the will was procured by undue influence.

It will be perceived in view of the authorities last cited that the question

presented by the record is not without difficulty. Had the contestants made a request of the court for an instruction to the effect that the jury should consider the confidential relations of the attorney in this case and the fact that he drew the will, and to give such evidence such weight as in its judgment it was entitled to as affecting the claim of undue influence, there could have been no criticism. But counsel sought to go further and requested the court to charge that a given set of circumstances gave rise to a presumption (whether of law or of fact) that the testator was under undue influence, and that such circumstances cast a burden upon the contestee to meet or overcome such presumption. We do not think that under Ohio law, giving consideration to the meaning of the word "presumption" and also to the effect of the order of probate, to which no reference is made in any of the three instructions asked, the fact that a beneficiary, stranger to the blood, may have drawn the will, shifts the burden that should be borne by the contestants to show undue influence and to overcome the effect of the order of probate. Hutson v Hartley, supra.

We think that each of the charges is too narrow and restricted.

The fact that the beneficiary wrote the will might well be considered by the jury, but must be considered in connection with all the other evidence that is before the jury including the order of probate. There can be no presumption of undue influence by the mere fact that the beneficiary wrote the will. There is much evidence to the effect not only that the testatrix was mentally capable of writing the will, but that she was not subject to undue influence.

A charge to the effect that there is a presumption of undue influence by reason of the fact that a beneficiary drew the will, withdraws from the consideration by the jury of the other evidence offered to the effect that she was not subject to undue influence.

If the rejected charges had been given, the attention of the jury would have been fixed upon the single declaration that there was a presumption of undue influence by virtue of the act of the beneficiary in drafting the will, without instructing the jury that at the same time it must take into consideration all the other evidence that was offered upon the point in question, including the order of probate.

None of the three charges rejected makes any mention of the very important point that the probate of the will furnishes a presumption as to its validity, and that that must be considered in connection with any evidence offered as to its invalidity.

It seems to us that if such a charge be given it would introduce an element of uncertainty into a will contest that would lead to serious consequences. The burden of proof does not shift, but remains where it is fixed by statute. The court in its general charge instructed the jury that it should give consideration to the interest the witnesses might have in the outcome of the case in order to determine the weight to be given to their testimony. That, in our judgment, is sufficient, with a reservation, however, that special instructions might be proper to call the attention of the jury to the particular circumstances in any case. We therefore find that the court committed no error in refusing these proffered charges.

An assignment of error is also directed to the giving by the court of charge No. 4 requested by the defendant, which is:

"The test of undue influence is its effect upon the testator's free agency. Undue influence is not the influence of affection and attachment, nor the mere desire to gratify the wishes of another, but the undue influence and restraint required in order to render the will invalid must be of such character and degree as to prevent the exercise of that discretion and judgment which are essential to a sound and disposing mind."

We are unable to detect any error in that charge which has been given many times in will cases.

The concurring members of this court are much impressed with the dissenting opinion of Judge Barnes and fully recognize its logic. All members of the court would be pleased if the Supreme Court would find it expedient to review this case and finally determine the matter which has been the source of uncertainty and of which we are still in some doubt.

The judgment of the court below is affirmed.

Judgment affirmed.

HORNBECK, PJ., concurs.
BARNES, J., dissents.

HORNBECK, PJ., concurring:

We are agreed that if there is any prejudicial error in this record it is in the failure of the trial judge to charge before argument plaintiff's special request No 7.

There is no doubt that the principle of law announced in the dissenting opinion is well established in many jurisdictions but the difficulty in the special charge under consideration is to determine if, under our prima facie rule required by §12083 GC, the instruction was in proper form to go to the jury. I am of opinion that it was not.

As I understand Judge Barnes' opinion it is to effect that the principle announced in Van Demark v Tompkins, Exr. supra, and earlier cases goes too far in construing §12083 GC, and that it was intended only to put the burden of proof upon the contestant in a suit to contest a will. I cannot see how the Supreme Court could have promulgated any other rule than it did in view of the terms of the statute. In any event it is now incumbent upon the contestant not only to produce a preponderance of the evidence but in addition thereto enough evidence to overcome the prima facie proof of the due attestation, execution and validity of the will made by the offering of the order of probate.

If we did not have §12083 GC, and if we did not have a determination of the Supreme Court as to the burden thereby devolving upon a contestant with a qualification to which we hereafter refer, special charge No. 7 would be proper and should have been given.

As the trial judge observed and Judge Geiger indicates in his opinion, the first sentence of the charge is a definite statement that a presumption of undue influence arises under the admitted facts in the case. It is true that thereafter this positive statement is modified to the effect that the presumption is but an inference of fact which the jury may draw but is not conclusive. Of course, it is probable that the jury would not make distinction between presumption and inference as the courts have had much trouble in agreeing upon the distinction between the terms. So that the instruction should set forth fully the effect of the inference arising. The charge, in my opinion, is incomplete in that the jury may properly have believed that the inference of undue influence arising from the admitted facts was sufficient to support a verdict setting aside the will. The inference of fact which resulted because of the facts included in the instruction, if it be treated as an inference only, is sufficient only to meet and equal the prima facie case made by the introduction of the probate of the will. This is not enough to support a verdict for the plaintiffs.

The factual inference which the special charge sets forth is one that the jury could and would normally indulge. The effect of the proof of the facts, from which the inference arises, appearing in the special instruction, could, by the jury, have been the basis for a finding of undue influence and of a verdict for plaintiff, if, in its judgment, that was its probative effect.

On the other hand the inference may only have been sufficient to equal the prima facie case made by the offering of the probate of the will, or, taking into consideration all the other facts and circumstances appearing,

may have been explained to the satisfaction of the jury. The special charge in its most favorable aspect left out the consideration of any element of proof on the matter of undue influence save only that inference which arose from the undisputed facts. The part omitted was essential to a correct statement of the law.

BARNES, J., dissenting:

It is with regret that I find myself unable to agree with the majority opinion in its entirety.

It seems to me that the court's failure to give to the jury special request No. 7 constitutes prejudicial error. Before making further comments on special request No. 7, I desire to make some observations relative to special requests Nos. 2, 3, 8 and 9, all refused and properly so; as is held in the majority opinion.

The trial court declined to give special requests Nos. 2 and 3 for the reason that such requests failed to incorporate and give effect to the presumption of validity that arises from the probate of the will.

"Instructions by the trial court in a will contest must clearly define the rule that the evidence introduced by contestant, in order that he may prevail, must be a preponderance, outweighing both the evidence procured by the contestee and the presumption of validity that arises from probate of the will." West v Lucas, supra. See, also, Hall, Exrx. v Hall, supra; Van Demark v Tompkins, Exr., supra; Kennedy, Exr. v Walcutt, supra.

Section 12083 GC, contains the following:

. "On the trial of such issue, the order of probate shall be prima facie evidence of the due attestation, execution, and validity of the will or codicil."

The Supreme Court of Ohio has formulated the above-quoted rule by reason of the provisions of the above section.

If we were determining an original question, I could very readily agree with the contention of counsel for the contestants that the rule should be the usual and ordinary rule of preponderance of evidence. The legislative enactment providing that the probate of the will should be prima facie evidence, was first adopted in 1852. (**50 Ohio Laws, 300, §22**). This statutory law has continued without change in substance up to the present time. If I understand it, the purpose of this enactment was to change the burden of proof from the proponents to the contestants. **Banning v Banning, 12 Oh St 437; Brown v Griffiths, 11 Oh St 329; Mears v Mears, 15 Oh St 90.**

It was a rule of the civil law that the burden of proof was upon the proponents. This was the general rule in many jurisdictions throughout the United States and it still remains the rule in some of the states.

In the earlier days in many instances a will contest case was in reality a review of the order of probate. Later was developed the theory of chancery appeal through which the contest would be heard de novo; and then followed the separate action. If I am correct in the above analysis as to the reason and purpose of the Legislature in enacting the prima facie rule, then it is hard to understand why the ordinary rule of burden of proof would not meet the language and the spirit of the statute.

However, this is not an original question and under the rule of stare decisis we must follow the pronouncement of the Supreme Court of Ohio. It is my hope that at some future time the court of last resort in our state will abandon its earlier announcement as to what constitutes burden of proof in a will contest case.

I am also in accord with the majority opinion that the trial court was correct in refusing to give special instructions Nos. 8 and 9.

In my judgment both instructions were correct, except that therein the burden of proof was shifted to the proponents of the will.

The rule in Ohio is well defined that the burden of proof never shifts. 17 **O. Jur. 138 et seq., §§110, 112, 114, 115; 39 O. Jur. 976, §282;** Kennedy, Exr. v Walcutt, supra, paragraph six of the syllabus.

The rule is well stated in 20 American Jurisprudence, 1102, §1251:

"When the party having the burden of proof establishes a prima facie case, he will prevail, in the absence of proof to the contrary offered on the part of his opponent. * * * It is not necessary that this prima facie case be met by a preponderance of the evidence or by evidence of greater weight. It is sufficient if the defendant's evidence equalizes the weight of the plaintiff's evidence, or, in other words, puts the case in equipoise."

Special request No. 7 is not subject to the objections found in special requests Nos. 2, 3, 8 and 9. This request reads as follows:

"In such a case as the present, in which the person who writes the will, is the attorney for the testatrix and a stranger to the blood of the testatrix and takes a large interest under it, there is a presumption of undue influence. Such presumption of undue influence is an inference of fact which the jury may draw but is not conclusive nor a presumption of law."

In my judgment the above correctly states the law and the court's failure to give it before argument constitutes prejudicial error.

Counsel make the observation that this question has never been decided by any court in Ohio. Research for decisions in other jurisdictions discloses a wealth of authority supporting contestants' position.

In 66 A. L. R. 244, under subheading "Benefits to Drawer of Will," we find the following in the text:

"Where one who draws a will is benefited thereby, generally a presumption is raised that the will was pro-

cured by undue influence; and this is especially so when the one drawing the will stands in a confidential relation to the testator."

Under the text are cited cases from twenty-seven states. We have examined those cases and find a most interesting, direct and positive announcement supporting the text. In some instances the cases are not in point, but we do not find any that directly challenge the principle. In some there is an apparent variance, but an examination of the facts will definitely distinguish them.

In 28 Ruling Case Law, 146, §99, we find the following:

"When the person who drafts a will or participates in procuring its provisions from the testator also occupies a relation of special confidence toward him, and would not be a beneficiary in the absence of the will, and is specially benefited by its terms, the general rule is that a presumption of undue influence will arise and the burden of proof will be on him to show that the will was executed freely and without his influence."

In 68 Corpus Juris 759, §451, there appears the following:

"However, it is the general rule in practically all jurisdictions that undue influence in presumed and the burden of proof shifted so as to require the beneficiary to produce evidence which at least balances that of the contestant, when, in addition to the confidential relation, there exists suspicious circumstances, such as the fact that the beneficiary took part in the preparation or procuring of the will, or actually drafted it or assisted in its execution, or that the testator was weak-minded or in frail health and particularly susceptible to influence, or that the provisions of the will are unnatural and unjust. Before there can be room for application of any of these rules it is necessary that the relation between the parties be a fiduciary or confiden-

tial one, and that the person occupying such a relation toward the testator take a beneficial interest under the will."

The rule seems to be universal, and, being founded on sound reason, I can see no reason why it should not be followed in Ohio.

As heretofore stated, the courts of Ohio have taken a pronounced stand in their pronouncements that the burden of proof never shifts, and in this particular the rule in many other jurisdictions varies.

This difference need not bother us since we can very readily give application to the equipoise rule rather than the shifting of the burden of proof. This was exactly the situation with which the court was confronted in the case of Kennedy, Exr. v Walcutt, supra. A careful reading of this case will prove both interesting and profitable. It definitely clarifies the procedure to be followed where the evidence produces presumptions. Under paragraph six of the syllabus the statement is positively made that the burden of proof never shifts. In the reported case, which was a will contest, the major issue was the mental capacity of the testator.

In the course of the trial, contestants introduced testimony that the testator prior to the time of making of the will had been adjudged insane and was under guardianship, having previously been committed to the Lima State Hospital.

Paragraph 4 of the syllabus reads as follows:

"4. While every person is presumed to be of sound mind, yet when a person has been declared insane by a court of competent jurisdiction and is under guardianship, the presumptinn of sanity is not only removed but a presumption of insanity arises. Where a will of such a person, made after such adjudication, having been admitted to probate, becomes the subject of a will contest, the burden of proof by statute being cast upon the contestants of the will, the presumption of continuance of such insanity was a rebuttable one and would be removed when sufficient evidence had been introduced to meet, extinguish, rebut, countervail or overcome such presumption arising from the adjudication of insanity."

Paragraph five of the syllabus is also in point and reads as follows:

"5. The degree of proof necessary to remove a presumption is not to be confused with the degree necessary to sustain the burden of proof. When a party is not required to sustain the burden of proof upon some particular issue, a rebuttal presumption arising out of such issue may be overcome by evidence which counterbalances the evidence to sustain the presumption; however, when such party is required to assume the burden of proof upon an issue, any rebuttable presumption arising therefrom must be removed by the same degree of proof necessary to sustain the issue."

Giving application of the above principles to the instant case, it may properly be said that the evidence discloses that the scrivener was in the status of confidential relation with the testatrix; that he received a substantial bequest in the will; that the same was not read to the testatrix in the presence of the witnesses. This would raise a presumption of undue influence, which presumption would not shift the burden of proof, but would require the proponents of the will to present evidence to countervail such presumption. As is stated in syllabus 5 of the reported case, the duty would devolve upon the proponents of the will to meet this rebuttable presumption with evidence which would counterbalance and bring the issue into equipoise.

The trial court in refusing to give special request No. 7 found objection in that the language first required the court to say that the presumption of undue influence arose as a matter of law, and later define it as an inference of fact, which were inconsistent statements.

It is true that the courts of Ohio, as well as those of other jurisdictions, have had difficulty in determining and distinguishing between presumptions of law, presumptions of fact, rebuttable presumptions and inferences. The terms are frequently used interchangeably. Ensel v Lumber Inc. Co. of New York, supra, at 282.

In my judgment the proper designation to be given to the presumption in the instant case would be "rebuttable presumption." In other words, just as in the Kennedy case, supra, the evidence of confidential relationship of the scrivener and his receiving a substantial bequest, would raise a presumption of undue influence, but it would be a rebuttable presumption and the evidence of proponents might counterbalance such a presumption. I can see no objections to the language of special request No. 7 when we give it the same application as the announced principle in the Kennedy case, supra. It is true that the first four lines of the request standing alone might be indefinite in their meaning; and the query arises as to whether it is a presumption of law, a presumption of fact or a rebuttable presumption. However, the remainder of the charge clarifies and when it says that such presumption is an inference of fact which the jury may draw, but is not conclusive nor a presumption of law, it definitely presents the rule of rebuttable presumption.

Had this charge been given, it might not have affected the final determination of the case by the jury, but the law is well established that where the original request to charge before argument correctly states the law, it must be given, and the failure to give constitutes prejudicial error. I hasten to say that in this dissent I do not for a moment intend to impute to the scrivener, Mr. McLean, any improper conduct. The question involved is very important and requires a correct determination as a controlling rule of law for this and future cases.

Personally I do not think that a person who receives a substantial bequest under a will should ever act as a scrivener. More reason for this rule is presented where the scrivener and the testatrix stand in confidential relations, and where the will was not read to the testatrix or by her in the presence of the attending witnesses. The reason for such rule is apparent.

It is my judgment that this court should hold that the trial court was in error in refusing to give to the jury before argument special request No. 7, and that by reason thereof the verdict and judgment should be reversed and the cause remanded for new trial.