CASWELL, APPELLANT, *v.* LERMANN ET AL., APPELLEES.

(No. 615—Decided October 18, 1948.)

*Messrs. Flynn, Py & Kruse,* for appellant.
*Messrs. Murray & Murray* and *Mr. A. F. Lermann,* for appellees.

CARPENTER, J. This was an action to contest a will. It was commenced on February 4, 1947. At the close of plaintiff's case, a motion for a directed verdict for defendants was granted and judgment was entered

thereon. This appeal on questions of law was taken by plaintiff.

A motion to dismiss the appeal was filed by defendants. This was submitted to the court at the same time the appeal on the merits was argued.

The basis of the motion is that the appeal "is not taken from the final judgment."

The following material facts are undisputed:

The judgment was entered on February 11, 1948; a motion for a new trial was timely filed on February 20th; the journal entry overruling the motion on June 25th, and the notice of appeal was seasonably filed on July 12th and the appeal was "from a judgment rendered by the Court of Common Pleas * * * on the 25th day of June, 1948."

As the court understands the defendants' motion to dismiss, it is not contended that the motion for a new trial or the notice of appeal was not filed in time. The sole contention is that because the notice of appeal specifies that the appeal was taken from the order overruling the motion for a new trial and not from the judgment, "that therefore this matter is not appealable matter as made and provided for by law."

On one or the other of two bases, this motion may be overruled:

1. That by the act of the General Assembly passed June 28, 1945, 121 Ohio Laws, 366 "relative to the definition of a new trial and time for perfecting appeal," an order overruling a motion for a new trial and vacating a judgment is a final order as defined by Section 12223-2, General Code, and hence one from which an appeal may be taken.

In the recent decision of *McAtee v. Western & Southern Life Ins. Co.*, 82 Ohio App., 131, 81 N. E. (2d), 225, the court reasoned that by the terms of that section of the General Code, as amended, granting a motion for

a new trial now includes the vacation of the previously entered judgment; hence under the rule announced in *Cox* v. *Cox*, 104 Ohio St., 611, 136 N. E., 823, the order overruling such motion is a final order and the proper subject of an appeal. To the same effect, by the same court, is *Williams* v. *Martin*, 82 Ohio App., 395, 81 N. E. (2d), 806.

2. But if that conclusion is not correct, and this notice of appeal should have specified the judgment of February 11th as the action of the court from which the appeal should have been taken, no prejudice resulted to the defendants.

Immediately following the enactment of the Appellate Procedure Act in 1935, this court and some other Courts of Appeals tended to apply rather strict and literal interpretations of the terms and provisions of that act in respect to the procedure to effect an appeal. By a series of decisions, the Supreme Court has disapproved that practice and made manifest its purpose to give liberal construction to appellate matters as is directed by Section 10214, General Code.

These decisions started with *Loos* v. *Wheeling & Lake Erie Ry. Co.*, 134 Ohio St., 321, 16 N. E. (2d), 467, and *Capital Loan & Savings Co.* v. *Biery*, 134 Ohio St., 333, 16 N. E. (2d), 450, decided on the same day. In the latter case there was no formal notice of appeal filed. The journal entry overruling the motion for a new trial closed with the statement "and defendants hereby give notice of appeal." This entry was approved by both counsel. With two judges dissenting, this was held sufficient. In his opinion, Judge Myers said:

"Although not complying in a technical sense with Section 12223-5, General Code, it appears to have served the purpose intended.

"Manifestly, the purpose of such a notice is to ap-

prise the opposite party of the taking of an appeal. Since such journal entry was approved by counsel for both parties, both had actual notice thereof. Under the circumstances plaintiff could not be prejudiced or taken by surprise. There was only one judgment and only one court from which and to which an appeal could be taken.''

In *Mosey* v. *Hiestand, Trustee*, 138 Ohio St., 249, 34 N. E. (2d), 210, in two cases, specific dates were given for the judgments from which the appeals were taken. They were both wrong, yet, following *Couk* v. *Ocean Accident & Guarantee Corp., Ltd.*, 138 Ohio St., 110, 33 N. E. (2d), 9, the appeals were sustained and the right of appellants to amend the notices was recognized. In the recent decision of *In re Guardianship of Wisner*, 148 Ohio St., 31, 72 N. E. (2d), 751, these decisions were cited and followed, and the importance of liberality in procedural matters, as required by Section 10214, General Code, was emphasized.

In *Bank of Elmore Co.* v. *Damschroder*, 69 Ohio App., 15, 42 N. E. (2d), 781, and the recent decision in Williams county, *American Security Corp.* v. *Martin*, 83 Ohio App., 477, 84 N. E. (2d), 306, this court followed the above cited decisions. In each of those cases, as in this case, there was but one judgment and one notice of appeal which was timely filed and served to inform the defendants of the plaintiff's intention to appeal to the Court of Appeals. No claim is made here that prejudice or surprise has resulted to defendants. The motion to dismiss the appeal will be overruled.

The will in contest was signed by Frank S. Latham as testator on August 3, 1943. He died on August 6, 1946. The pleadings admit that the will was duly probated on September 6, 1946.

The plaintiff's interest in the will was that by a former will executed December 15, 1939, he was given a beneficial interest which would be destroyed by this will. This was a sufficient interest to qualify him to bring this action. *Kennedy, Exr., v. Walcutt,* 118 Ohio St., 442, 161 N. E., 336. Latham was a widower and had no relatives. Plaintiff, Myron J. Caswell, and the testator were very aged men, had been friends and had business dealings with each other for many years. Mr. Latham had acknowledged some indebtedness to plaintiff.

For some years before 1943, Mr. Latham's sight and hearing had been failing, and at the time of the execution of this will, both were quite dim. Since 1937, defendant Albert F. Lermann had been Latham's attorney. For him he had drafted the 1939 will. From the evidence it appears that shortly before the will in contest was drawn, Latham discussed with Lermann the changes he wanted to make in his will. These included the omission of the legacy to plaintiff and the inclusion of one to Lermann, who was also made one of two residuary beneficiaries. In other respects, there was little change from the 1939 will.

Lermann, so far as this record shows, without direction from Latham to do so, caused the new will to be drafted by another attorney who, with Lermann, attended its execution at testator's home. He, and a neighbor woman who was called in for the purpose, acted as the attesting witnesses.

On the trial, the defendants placed in evidence the will and record of probate and rested. Section 12085, General Code. At the close of plaintiff's evidence, the court directed the verdict for defendants. This is the only material assignment of error.

On three grounds, the contestant now urges that on his evidence, the court erred in this order in that he

had introduced some evidence to support the following:

1. The testator lacked mental capacity to make the will;

2. Undue influence was exercised over the testator by his lawyer, Lermann, to make him a beneficiary; and

3. Testator being blind and deaf, proper formalities in the execution of the will were not observed.

By Section 12083, General Code, the order of probate was "prima facie evidence of the due attestation, execution, and validity of the will."

On proof of the "order of probate," the court was bound to presume the will valid until some evidence was presented by plaintiff which tended to overcome, not only that presumption, but also any evidence in favor of the will which had come into the record.

By what measure is that to be determined? *Clark v. McFarland,* 99 Ohio St., 100, 124 N. E., 164, was a will contest, and the court said a scintilla of evidence was enough to send the case to the jury In *Hamden Lodge v. Ohio Fuel Gas Co.,* 127 Ohio St., 469, 189 N. E., 246, *Clark v. McFarland* was expressly overruled, and the test set up whether "reasonable minds may reach different conclusions upon any question of fact."

This is now the standard by which plaintiff's evidence must be measured on each of the three phases above stated.

1. In granting the direction, the trial court pointed out that the only evidence of impairment in the testator's mental capacity at the time the will was executed was in his sight and hearing, both due to his advanced age. The judge's comment was "He couldn't see and he couldn't hear, but nobody has said that he couldn't think, and that he couldn't think straight." This court agrees with that summation of the evi-

dence. Its conclusion is that Latham's mental capacity at that time met the tests laid down in *Niemes* v. *Niemes,* 97 Ohio St., 145, 119 N. E., 503; *Hogan* v. *Hogan,* 57 Ohio App., 357, 14 N. E. (2d), 358.

2. The court recognizes the strict ethics the law imposes upon a lawyer in all his professional dealings with a client, and especially his duty not to take advantage of that relationship for his own gain. But, in the absence of some evidence that Lermann did so use or abuse his position of trust, the court could not presume that he did so merely because of that relationship. The trial court saw no such evidence, and this court has scrutinized the record in vain for it. In fact, the plaintiff has not pointed out anything he claims expressly does this. In connection with this question, and also as to mental capacity, it is of some moment that the testator lived three years after this will was executed.

3. As to the formality of executing the will, all the evidence is to the effect that the testator and witnesses each signed in the presence of each other. At that time there was present with the testator, Lermann, a Mrs. Sheets, apparently Mr. Latham's housekeeper, a neighbor woman who was called in as an attesting witness, and the lawyer who drew the will and witnessed it. Although that lawyer was of counsel in the trial and present at it, he was not called as a witness. All the others were, and Mr. Lermann and Mrs. Sheets, being parties, were cross-examined. No inquiry was made as to what was done or said by or to the testator at any time before that, nor was any circumstance shown by the evidence tending to indicate that testator did not know what he was doing when he made his scrawling signature to the will.

In *Cummings* v. *Nichols,* 53 Ohio App., 520, 5 N. E. (2d), 923; *Hogan* v. *Hogan,* 57 Ohio App., 357, 14 N.

E. (2d), 358; and *Cave* v. *McLean*, 66 Ohio App., 196, 32 N. E. (2d), 581, the courts discussed these problems of proof in will contests in their relation to the evidence statute. In the latter case, the scrivener who drafted the will was the testatrix's attorney and was given a large interest in her property. In the syllabus it is said:

"No presumption of undue influence arises as a result of a beneficiary writing the will."

On no one of the three phases of the proof was there any substantial evidence to overcome the "prima facie evidence of the due attestation, execution, and validity of the will" made by the order of probate. The court had no alternative but to make the order it did, and its judgment on that order will be affirmed.

*Judgment affirmed.*

CONN and FESS, JJ., concur.