THE STATE, EX REL. VAIL, APPELLEE, *v.* SALSBURY, APPELLANT.

(No. 4823—Decided January 18, 1955.)

*Mr. George S. Bradley,* for appellee.
*Mr. Foster E. King,* for appellant.

FESS, P. J. This cause is now before this court upon a motion to dismiss the appeal from a judgment of the Court of Common Pleas upon the ground that the notice of appeal was prematurely filed.

On September 10, 1954, pursuant to a verdict of a jury, a judgment was entered finding the defendant to be the reputed father of twin children born of the complainant on March 14, 1952. With regard to fixing the amount of expenses, the cause was continued for further hearing until September 27, 1954. On September 18, a motion for new trial was filed. On September 27, the motion for new trial was overruled. On September 27, a further entry was filed re-adjudging the defendant to be the reputed father of the children and also making provision for expenses and support. On September 29, this court having released the defendant pursuant to a writ of habeas corpus, a further judgment entry was filed modifying the entry of September 27. On October 1, defendant's motion of September 18 for a new trial was refiled. On the same date, notice of appeal

from the verdict of the jury and judgment filed on September 29, 1954, was filed. Although not appearing in the record, we are advised by counsel that the refiled motion for a new trial was overruled on October 10. No further notice of appeal has been filed.

It seems to be settled that a notice of appeal which is filed pending the determination of a motion for new trial is premature and does not confer jurisdiction upon the Court of Appeals. *Kuhn* v. *Industrial Commission*, 63 Ohio App., 279, 26 N. E. (2d), 592; *Dann* v. *Banks*, 80 Ohio App., 511, 74 N. E. (2d), 858; *Hurt* v. *Charles J. Rogers Transportation Co.*, 160 Ohio St., 70, 113 N. E. (2d), 489.

In the latter case the Court of Appeals dismissed the appeal upon the ground that pending the determination of a motion for new trial an order overruling a motion for judgment notwithstanding the verdict is not a final order. However, the Supreme Court, in affirming the dismissal, disagreed with the grounds upon which the appeal was dismissed by the Court of Appeals and held that where a motion for new trial is filed an appeal from a ruling on a motion for a directed verdict or a motion for judgment notwithstanding the verdict, prior to the disposition of the motion for new trial, is, by reason of Section 12223-7, General Code (Section 2505.07, Revised Code), premature and the appellate court may *sua sponte* or upon motion dismiss such appeal.*

Since the announcement of the *Hurt case*, Section 2505.07, Revised Code, has been amended, effective October 27, 1953, and now specifically provides:

"When a motion for a new trial or a motion for judgment

---

*It is respectfully submitted that in reaching its conclusion the Supreme Court overlooked the fact that the overruling of a motion for new trial does not constitute a judgment from which an appeal is taken, and disregarded the fact that Section 12223-7, General Code, provided that appeals should be perfected within twenty days, but that when a motion for new trial is filed within ten days after a journal entry of a final order, then the time for perfecting the appeal should not begin to run until the entry of the order overruling the motion for new trial. Therefore, the filing of a notice of appeal after judgment but before the overruling of a motion for new trial would be within the time provided by the section, and in such event not ineffective as having been prematurely filed.

under Section 2323.18 of the Revised Code is filed by either party within the time provided by Sections 2321.19 and 2323.181 of the Revised Code, respectively, then the time of perfecting an appeal shall not begin to run, *and an appeal shall not be taken*, until the entry of the order overruling or sustaining the motion for judgment under Section 2323.18 of the Revised Code, or the motion for a new trial, if only one of such motions shall have been filed, or overruling or sustaining the last of such motions decided, if motions of both kinds shall have been filed.'' (Emphasis added.)

It is, therefore, clear that a notice of appeal filed pending a motion for new trial does not confer jurisdiction upon the Court of Appeals to entertain the appeal, both under the decision of the Supreme Court and the statute. However, in the instant case, it will be noted that a judgment affecting a substantial right of the defendant was entered September 10, 1954. On September 18, a motion for new trial was filed, which was overruled on September 27. The notice of appeal was filed October 1, designating the judgment entered September 29. Inasmuch as the motion for new trial had been overruled on September 27, a notice of appeal from the judgment entered September 10 was proper.

The Appellate Procedure Act has been uniformly liberally construed to afford a litigant the right to an appeal even to the extent of amending his notice of appeal. *Caswell* v. *Lermann,* 85 Ohio App., 200, 88 N. E. (2d), 405. Leave will therefore be granted the appellant to amend his notice of appeal to designate the judgment of September 19, 1954, as the judgment from which the appeal in the instant case is taken, and in such event the motion to dismiss the appeal will be overruled.

*Judgment accordingly.*

CONN and DEEDS, JJ., concur.