## KRISTO v. KRISTO.

*Divorce and alimony—Divorce granted husband for wife's aggressions, and property divided—Section 11993, General Code—Alimony to wife not authorized after decree vacated, when.*

1. Where divorce was granted for wife's aggression, while court, under Section 11993, General Code, was authorized, after vacating judgment, on proper hearing, to modify and supplement finding and judgment as to division of property, it was not authorized to grant her alimony, which was not equivalent of further division of property acquired under marriage.

2. Where vacation of judgment of divorce granted for wife's aggression and division of property left status of case as it existed before hearing, awarding alimony to wife thereafter instead of supplemental order relating to division of property under Section 11993, General Code, *held* prejudicial to husband, where record failed to show additional hearing was had.

(Decided October 4, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. Fred F. Klingman,* for plaintiff in error.
*Mr. Philip Sampliner,* for defendant in error.

SULLIVAN, J. This cause comes into this court on proceedings in error from the insolvency court of Cuyahoga county, wherein Mary Kristo, defendant in error here, plaintiff below, sued for a divorce and alimony, and the defendant below, Dan Kristo, sought a divorce on a cross-petition, and later, upon hearing, the petition of plaintiff was dismissed and a divorce was granted to the cross-petitioner and a division of property under the

statutes was made. Subsequently, a petition to vacate the entry was filed, a hearing thereon had, and the former judgment of the court vacated, and thereupon an additional sum was allowed the plaintiff below, Mary Kristo, as and for alimony in the case, based upon supplemental evidence under the petition to vacate tending to show concealment of property by the husband at the time of the division of property made by the court in its judgment after the original hearing. The divorce was granted upon the aggression of the wife, and while the court, under the statute, had authority, after vacating the former judgment upon proper hearing, to modify and supplement the finding and judgment as to the division of property, yet we do not think the court, upon granting the divorce upon the aggression of the wife, had statutory authority to grant alimony to the wife, which was not the equivalent of a further division of the property acquired under the marital relationship.

The record fails to disclose that after the former judgment was vacated upon statutory proceedings another hearing as to the merits of the case was had. Of course, after vacation of the entry, the cross-petitioner, against whom the judgment on vacation was had, was entitled to a rehearing, with all the rights appertaining that existed in the original proceeding, and while supplemental evidence was heard upon the hearing to vacate, which might be the only change from the original evidence at a subsequent hearing, yet this latter hearing was a right which belonged to the cross-petitioner, and of which he could not be deprived, for the vacation of the original entry left the status

of the case as it existed before any hearing whatsoever was had. It is probable that the court realized that the evidence at the hearing to vacate would be the only additional evidence offered at a rehearing, and undoubtedly relied upon the attitude of counsel as a justification for modifying the original decree, but inasmuch as the record is silent as to the consent of counsel, and as to a hearing subsequent to the vacation of the former entry, we think, so far as the record is concerned, at least, that the plaintiff in error has been prejudiced, and for this reason we think there was error in making the award of alimony instead of a supplemental order relating to the division of the property, and error in the failure of the record to show an additional hearing. We cite *Frazier* v. *Williams*, 24 Ohio St., 625, and *Braden* v. *Hoffman*, 46 Ohio St., 639, 22 N. E., 930.

If the court made a disposition of the property arising out of the marital relationship, and the decree denominated the wife's portion as alimony, that designation would not make it alimony in the light of the facts, because in its nature it is a division of property and a settlement of property rights between husband and wife—a thing which the court is authorized to do in disposing finally of the case.

We think the Supreme Court has laid down this principle authoritatively in *Fiesler* v. *Fiesler*, 83 Ohio St., 200, at page 203, 93 N. E., 899.

In the case at bar, however, the division does not appear to be a division of property arising out of the relationship of marriage, but its character has the indelible impression of alimony, and,

inasmuch as this proceeding is purely statutory, we think Section 11993 of the General Code does not warrant any such finding on the part of the court where the divorce is granted on the aggression of the wife. A careful reading of this section compels this conclusion. We quote it for the purpose of showing how specific and limited is the authority of the court in cases like the one at bar with respect to the determination of property questions:

"When the divorce is granted by reason of the aggression of the wife, she shall be barred of all right of dower in the lands of which her husband is seized at the time of filing the petition for divorce, or which he thereafter acquires, whether there is issue or not. The judgment of divorce shall restore to her the whole of her lands, tenements or hereditaments not previously disposed of and not allowed to her husband as alimony, subject to the dower right of her husband therein. The court may adjudge to her such share of the husband's real or personal property, or both, as it deems just; or the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage, and the value of her real and personal estate at the time of the divorce. Such alimony may be allowed to him in real or personal property, or both, or by decreeing to him such sum of money payable either in gross or by installments, as the court deems equitable. If the husband survives his wife, he shall also be entitled to his right of dower in the real estate of his wife not allowed to him as alimony, of which she was seized during

coverture, and to which he had not relinquished his right of dower.''

The court had full power to hear and determine the petition to vacate the former judgment of the court, but when the judgment of vacation was rendered, then the plaintiff in error was put in *statu quo* and the cause was pending to be heard and determined as if it had never been heard or tried prior thereto.

Holding these views, the judgment of the lower court is hereby reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

LEVINE, P. J., and VICKERY, J., concur.