**WILLIAMS, Plaintiff-Appellee, v MARTIN, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6964. Decided April 26, 1948.

Ginocchio & Ginocchio, Cincinnati, for plaintiff-appellee.

John L. Undercoffer, Cincinnati, for defendant-appellant.

## OPINION

By ROSS, J.:

The defendant filed an appeal upon questions of law from a judgment of the Common Pleas Court dismissing his appeal upon questions of law to that Court from the Municipal Court of Cincinnati.

The plaintiff-appellee seeks to justify the action of the Common Pleas Court in so doing upon the basis (1) that there was in fact no notice of appeal filed as required by law; (2) that if the notice of appeal was in proper form, it was not filed in time; (3) that the judgment entered was a consent judgment.

The action was in forcible entry and detainer, which, under the rules of the Municipal Court of Cincinnati is classified as a "third class" case.

On January 15, 1948, after hearing of evidence, the Court found the defendant guilty as charged, ordered restitution of the premises, and rendered judgment for damages in favor of plaintiff in the sum of $45.00, with costs of $3.84.

On January 23, 1948, a motion for new trial was filed. On January 28, 1948, the Court made an entry overruling the motion for new trial, vacated the order of January 15, 1948,

and provided in the entry that "a writ of restitution of the premises is to be issued as of February 10, 1948, and judgment granted plaintiff in the sum of $53.00 and costs. On February 10, 1948, a writ of restitution was issued. On February 17, 1948, the Court journalized the following.

"THE MUNICIPAL COURT
CINCINNATI, OHIO.

FRANCIS MARIE WILLIAMS,                                    NO. 443764.
          Plaintiff,
               v.
JOS. M. MARTIN,
          Defendant.

"Defendant gives notice of appeal of this case to the Court of Common Pleas on this 17th day of February, 1948, on Questions of Law. Bond is fixed in the amount of $100—one hundred dollars.

APPROVED & FILED FOR—ENTERED
JOHN UNDERCOFFER,     JOURNALIZATION     Date 2/17/48
Atty for Defendant.     Date 2/17/48     Minute     938
                    Brueggeman, Judge"

(1) No prejudice to plaintiff is shown by the form of this notice of appeal or the manner in which it was handled by the Municipal Court, and it must be considered to have substantially met the requirements of §12223-4 GC. (**Capital Loan & Savings Co. v Biery, et al., 134 Ohio St., 333.**)

It is to be noted, however, that the notice failed to mention what judgment was the subject of appeal, as required by §12223-5 GC. An amendment of the notice was filed in the Common Pleas Court March 6, 1948, in which amendment the judgment of the Municipal Court, on January 28, 1948, was designated as the judgment from which appeal was taken.

The notice did not designate a specific judgment which by amendment is sought to be replaced by another. No judgment was specified and in the interest of justice the judgment sought to be reached may be designated in an amendment even in the reviewing court. This position has been taken by a number of reviewing courts. (See, **Kline v Green, 25 Abs, 240; Couk, et al. v Ocean Accident & Guarantee Corp., 138 Oh St, 110; Mosey v Hiestand, Trustee, et al., 138 Oh St, 249; Jackson v Jackson, 69 Oh Ap, 55.**)

In any event, the notice of appeal was filed for entry immediately after the issuance of the writ of restitution in pursuance to the judgment (January 28, 1948) designated in the amendment.

It must be determined, therefore, that a notice of appeal substantially conforming to law was filed.

(2) It is claimed, however, that such notice was not filed in time. The judgment appealed from was entered January 28, 1948. It vacated a former judgment, overruled a motion for new trial, and provided for a writ of execution on February 10, 1948, which writ was issued pursuant to its terms. The notice of appeal was filed on the twentieth day after such judgment, to-wit: on February 17, 1948. It was, therefore, filed in time.

It is true that this judgment contained an order overruling a motion for new trial. This court has held recently that such an order is a final order in itself, in view of the fact that under the practice now applicable, such motion includes inherently a motion to vacate the judgment to which it is addressed and is, therefore, a final order. See, opinion of this Court, No. 6940, McAtee v Insurance Co., announced April 19, 1948. **51 Abs 400.**

The motion for new trial was filed eight days after the judgment sought to be attacked. It is claimed that the action being a third class action within the exclusive jurisdiction of a Justice of the Peace, the practice peculiarly applicable to that court applies and the motion should have been filed within three days of the judgment. This ignores the provisions of §1558-28 GC, and §12223-7 GC.

The action having been filed after October 11, 1945, the new practice applies and the motion was filed in time. (See, §11578 GC, amended, effective October 11, 1945). There is nothing in the entry now attacked to show it was a consent judgment. If it can be properly shown from the record that the judgment was entered by consent, this may be ground for the affirmance of the judgment (**2 O. Jur., p. 118,** Appeal & Error, Sec. 88) but it is not ground for dismissing the appeal. It will be necessary for the Court of Common Pleas to entertain jurisdiction on appeal in order that it may determine that no error, prejudicial to appellant, has intervened by the entry of such consent judgment.

For these reasons, the judgment of the Court of Common Pleas, dismissing the appeal from the Municipal Court of Cincinnati must be reversed and the case remanded to that Court for further proceedings in accordance with law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.