**MARTIN, Plaintiff-Appellee, v. MARTIN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21310. Decided February 7, 1949.

Wilbur H. Brewer, Cleveland, for plaintiff-appellee.
Albert D. Nesbitt, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a final order of the common pleas court overruling the defendant's petition to vacate the decree of divorce and division of property in favor of the plaintiff entered against the defendant.

The plaintiff and defendant were husband and wife having been married October 27, 1910 at Phillipsburg, New Jersey. There were seven children born of such marriage, the youngest being Rosemary Martin, a minor of fifteen years of age at the time this petition was filed. The parties were the owners of the house and lot where they lived at 3914 Mapledale Avenue in the city of Cleveland. The plaintiff's petition alleges that the defendant was the owner of bonds and cash in bank in the total sum of about $35,000.00 but the journal entry does not show that such allegation was in fact true.

The action was filed September 8, 1947. Service of summons was had upon the defendant on September 10, 1947. Shortly after service of summons, upon the plaintiff's motion for temporary alimony, the defendant and his lawyer appeared

at the Bureau of Domestic Relations on two separate occasions. The order for temporary alimony made on November 25, required the defendant to pay $75.00 per month and made the obligation for such payments retroactive to September 10, 1947.

During the time that these proceedings were in progress, counsel for the defendant testified that he called plaintiff's attorney asking for an extention of time to file an answer and was told that such leave was unecessary. "Just get your answer in before trial."

The case appeared in the legal news as an uncontested case for a considerable time prior to March 6, 1948, at which time the plaintiff with her counsel and witnesses appeared before the court, trial was had and on March 8th, a journal was filed, granting plaintiff's petition for divorce and in a pretended attempt to divide the property between the parties and provide alimony for the plaintiff's support, such journal entry allowed to the plaintiff all of the defendant's property, that is, the home in which the parties had lived, all household furniture, all known available cash and also, ordered the defendant to pay $21.00 per week. The decree also awards the plaintiff the custody of the minor child of the parties, Rosemary Martin, age 15, although such child had been living with the father since the parties had separated and such child not being at the hearing was not given the right to express her wish as provided under §8033 GC, as amended effective January 1, 1946. The defendant's attorney believing that his appearance at the Domestic Relations Department of the Court on behalf of the defendant in settling the question of temporary alimony would list him as counsel for the defendant, testified that his office missed the publication of the case on the uncontested divorce case active list because his name was not published as counsel for the defendant.

The record further discloses that the defendant's answer was prepared and signed on March 1st, a week before the case was tried, but was not filed until the 10th of March, two days after the divorce decree was entered. The fact that a decree was taken as an uncontested case was discovered by the defendant and a motion filed to vacate the decree on March 11th. The court overruled the motion on May 7th. An appeal was taken from this order which was subsequently dismissed and a petition to vacate the decree of March 8th, was filed on June 5th, 1948. Upon hearing, this petition was dismissed and this appeal is founded upon such entry as the final order appealed from. The defendant appellant claims the following error:

That the judgment on the manifest weight of the evidence is contrary to law.

In matters dealing with family relations, the rules of pleading and other procedural matters should be liberally construed so that justice in the particular case may be done. The fact that a decree of divorce, which in effect provided for continuing jurisdiction of the parties, was entered at the term preceeding the filing of the petition to vacate such decree, particularly where a motion to vacate such decree was filed within the term, but not ruled upon until the same term in which such petition was filed, will not deprive the court of the right to vacate such decree if grounds be established warranting such action.

It is contended by the appellee that the court is without power to grant the appellant's petition and relies for such contention upon the case of **Parish v. Parish, 9 Oh St 534.** An examination of this case and the supporting cases cited by the court does not support the appellee's contention.

The syllabus of the Parish case provides as follows:

"A decree from the bonds of matrimony, although obtained by fraud and false testimony, cannot be set aside on an original bill at a subsequent term."

It will be noted that this action was a separate bill in equity and not a petition to vacate filed in the original case. It must likewise be noted that the court on page 538 said:

"The statute of March 14, 1843, conferred jurisdiction in divorce cases upon the courts of common pleas, which was in force when these proceedings were had, provides that 'no appeal shall be obtained from the decree but the same shall be final and conclusive.' Curwen, 991. This statutory provision is nothing more than a legislative recognition of the principle of public policy, which had been repeatedly affirmed by the courts, that a judgment or decree which affects directly the status of married persons * * * should never be reopened."

It is clear that the court's decision was based upon the fact that the action was in fact an attempt to attack collaterally the judgment of divorce in a separate proceeding and for the further reason that the statute prohibited a subsequent review of a decree of divorce once entered.

Since that case was decided the Constitution of the State of Ohio has been amended with respect to the jurisdiction

of the Courts of Appeals. **Section 6 of Article 4** as amended effective January 1, 1945, in part provides:

"The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and such jurisdiction as amended may be provided by law to review, affirm, modify, set aside, or reverse judgments on final orders of boards, commissioned officers, or tribunals, and courts of record inferior to the Court of Appeals within the district * * *."

Before the amendment, this section provided in part—

The Courts of Appeals shall have "appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the Courts of Common Pleas, superior courts, and other courts of record within the district as may be provided by law * * *."

The Supreme Court in the case of **Youngstown Municipal Railway Company v. Youngstown, 147 Oh St 221,** in considering the amendment to **Section 6 of Article 4 of the Constitution of Ohio** said:

1. "**Section 6 of Article 4 of the Constitution of Ohio** as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Court of Appeals."

2. "Unless and until there is such legislative action, the appellate jurisdiction of the Court of Appeals remains as it was at the time the amendment was adopted."

The Court of Appeals therefore has been given jurisdiction to review, affirm, modify or reverse the judgments of the Court of Common Pleas, whenever its jurisdiction has been invoked as provided by law and such jurisdiction includes the right to reverse and set aside a decree of divorce when such decree has been granted in violation of the legal rights of a party.

In the instant case the defendant brought to the attention of the trial court the fact that the decree, which not only granted plaintiff a divorce but also, took from the defendant all his property of every kind and description which the record disclosed he then possessed, was taken before he had filed his answer and when it was known to the successful party that a defense was to be interposed. True, there was some delay on his part in presenting his pleading, but advantage taken because of this fact was called to the attention

of the court with such dispatch that, under the circumstances, it constituted an abuse of discretion for the court to overrule the defendant's motion to vacate such decree and to set the case for hearing as a contested case, where both parties would have an opportunity of presenting evidence on the issues raised by the pleadings. The facts here presented are clearly distinguishable from the cases upon which the appellee relies which are as follows: **Bascom v. Bascom, 7 Ohio, part 2, page 125; Parish v. Parish, 9 Oh St 534; Bay v. Bay, 85 Oh St 417.**

In all of these cases there was a separate action seeking to set aside the effect of a divorce decree granted in a prior proceeding, while in the instant case, the appellant is seeking relief within the divorce action and through the regular procedural channels provided by law.

The motion to vacate the decree was filed within three days of the filing of the journal entry. It was not considered by the court until the next term of court and upon being overruled the petition, now here for review, to vacate such decree under §17631 GC, was filed without delay. The court having committed an abuse of discretion in overruling the defendant's motion to vacate the decree taken against the defendant under the circumstance as hereinbefore set forth, the court likewise committed error prejudicial to the rights of the defendant in dismissing his petition to vacate such decree under the authority of §17631 GC, **Paragraph 3** for "irregularity in obtaining a judgment or order." See **Baker v. Griffin, 79 Oh Ap 276.**

For the foregoing reasons the judgment of the Common Pleas Court dismissing the defendant's petition to vacate the decree of divorce and division of property and alimony is reversed and cause remanded for further proceedings according to law. Exc. Order See Journal.

MORGAN, PJ, HURD, J, concur.