**MILLER, Plaintiff-Appellee, v. MILLER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4312. Decided November 4, 1949.

Abraham Gertner, Columbus, for plaintiff-appellee.

Carl G. Nappi, Luther L. Boger, Columbus, for defendant-appellant.

**OPINION**

By THE COURT.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio, overruling a motion filed during term to vacate and set aside a default judgment and to grant a new trial in an action for divorce.

On March 31, 1949, the plaintiff filed his action for divorce, alleging that the defendant had been guilty of gross neglect of duty. The defendant employed counsel, who conferred with counsel for the plaintiff in an effort to effect a settlement. After several conferences, negotiations were broken off on April 19, 1949. On May 18, 1949, the case was set for hearing as an uncontested case, at which time the plaintiff and two character witnesses appeared in court and gave their testimony. The court granted a divorce to the plaintiff and counsel for the plaintiff immediately presented an entry to the court which was approved and journalized on May 18, 1949.

The record shows that the defendant was in default for answer and that at the time the testimony was given before the court counsel for the plaintiff stated that he had conferred with counsel for the defendant sometime prior to the trial for the purpose of negotiating a settlement. No notice was given to the defendant or her counsel that the case had been assigned for trial, or that the plaintiff intended to present his evidence on a given date.

The record further shows that on the same day that the decree was filed counsel for the defendant learned of the fact that the case had been tried and the decree granted. The record further shows that on the next day, May 19, 1949, the defendant filed a motion "to vacate and to set aside the order and decree of this court entered herein on May 18, 1949 granting a divorce to the plaintiff, and to grant a new trial and to permit this defendant to file her answer herein in-

stanter". The answer, which shows a valid defense, was attached to and filed with the motion. The motion was based on five grounds: One, irregularity was practiced by the prevailing party in obtaining said decree; two, the final decree is not sustained by sufficient evidence; three, fraud was practiced by the plaintiff in obtaining his judgment or decree; four, fraud was practiced by the plaintiff and his witnesses in the presentation of evidence in that all of the evidence was not presented to the court, and material evidence was withheld; five, other reasons which will more fully appear upon the hearing. At the hearing counsel for the defendant substituted for the fifth ground of his motion the following: Failure of counsel for plaintiff to submit to counsel for defendant a copy of the decree filed herein in violation of Rule 8 of the Common Pleas Court. Counsel for the defendant then added the sixth ground, as follows: Failure to give to defendant, or her counsel, notice of the hearing herein had on May 18, 1949. The motion was heard on May 24, 1949, at which time plaintiff and the only two character witnesses who testified at the original hearing at the time the divorce decree was granted were examined and cross examined at length with reference to the testimony which they gave at the original hearing, for the reason that there was no record taken of the testimony at the original hearing. At the hearing on the motion the defendant and other witnesses testified relative to the relationship which existed between the plaintiff and the defendant and their conduct toward each other. Counsel for the plaintiff testified relative to the negotiations for settlement which had been conducted between counsel. The court at the end of the hearing overruled the motion. The entry overruling the motion was journalized on June 2, 1949. The notice of appeal was filed on June 3, 1949. The notice of appeal states that the order appealed from is the "judgment and decree rendered by the Common Pleas Court in the above entitled cause on the 18th day of May, 1949, and from an order overruling defendant-appellant's motion to vacate and set aside said order and decree, for a new trial and to permit her to file·her tendered answer instanter". The notice of appeal is sufficiently definite to show that the appeal is taken from not only the judgment and decree dated May 18, 1949, but also from the order overruling the motion to vacate and for a new trial, under date of June 2, 1949. In either case the notice of appeal was filed within time as required by the provisions of §12223-7 GC. Both orders were final orders from which an appeal may be taken. **Sec. 12223-2 GC; McAtee v. The Western and Southern Life Insurance Co.,**

82 Oh Ap 131, 81 N. E. (2d) 225; **Williams v. Martin, 82 Oh Ap** **395, 81 N. E. (2d) 806; Caswell v. Lermann, 85 Oh Ap 200.**

The defendant-appellant has assigned twelve separate grounds of error. Counsel has not discussed the errors assigned separately, but has been content to discuss them generally. The court does not believe a discussion of the separate grounds is required. In substance the errors assigned are: That the court erred in rendering judgment and in granting a decree to the plaintiff at the original hearing; that said judgment and decree was not supported by sufficient evidence; that the testimony of the plaintiff was not corroborated; that the court erred in overruling the motion to vacate the judgment and decree and to grant a new trial; that the court erred in excluding testimony offered by the defendant and admitting testimony offered by the plaintiff at the hearing on the motion; that the court erred in finding that there was no irregularity on the part of the plaintiff or his counsel in obtaining the judgment or order dated May 18, 1949; that the judgment of the court below is contrary to the law.

After an examination of the record it is apparent that the court and counsel at the hearing on the motion regarded the motion solely as a motion to vacate a judgment during term. The vacation of a judgment during term lies within the sound discretion of the trial court. A reviewing court will not reverse the judgment of the trial court in overruling a motion to vacate a judgment during term unless an abuse of discretion has been shown. The trial court found that there was no fraud practiced by the plaintiff or his witnesses in the presentation of the evidence at the original hearing, with which we agree. We find no error committed on the admission or exclusion of evidence. Furthermore, the record does not support the contention of counsel for the defendant that a copy of the decree was required to be submitted to him for approval under Rule 8 of the Common Pleas Court, or that the defendant or her counsel were entitled to notice of the hearing. The record shows that the defendant was in default for answer and her counsel had not entered an appearance in any manner whatsoever. In the light of the factual situation which has developed in this case the court properly proceeded to hear the matter as an uncontested case without notice either to the defendant or her counsel.

The defendant, on the hearing on the motion, failed to show any legal reason for her failure to file an answer within rule or make defense at the hearing.

The motion filed by the defendant was essentially a motion for new trial which was seasonably filed. Since the amend-

## 284

ment to §§11576 and 11578 GC, which became effective October 11, 1945, the sustaining of a motion for new trial necessarily requires the vacation of the previously entered judgment. Caswell v. Lermann, supra; McAtee v. The Western and Southern Life Insurance Company, supra, and Williams v. Martin, supra. Both matters are embraced in the motion.

Some of the grounds of the motion were equally pertinent in support of either a motion to vacate a judgment during term or motion for new trial. The defendant, although in default for answer, is not deprived of her right to seasonably file a motion for new trial. See **Martin v. Martin, 54 Abs. 369.**

The second ground of the motion was that the decree was not sustained by sufficient evidence. This is one of the grounds for a motion for new trial. **Sec. 11576, paragraph 6, GC.** It is also made one of the assignments of error. Since there was no record taken at the first hearing the court was required on the hearing on the motion to take testimony, which it did, relative to the evidence which was submitted at the first hearing. The same witnesses who testified at the first hearing testified in the hearing on the motion. The plaintiff was given ample opportunity, both on direct and cross examination, on the hearing on the motion to state what his grievances were against the defendant and to support the allegation in the petition that the defendant was guilty of gross neglect of duty. After testifying at length the plaintiff was asked the question whether there was any other testimony brought out at the original hearing in addition to what had been testified to on the hearing on the motion, including the testimony of the two character witnesses, to which he answered "I don't believe there was, no." The testimony, when construed most favorably to the plaintiff, does not show one scintilla of evidence which would warrant the court in granting a divorce on the ground of gross neglect of duty or any other ground. The plaintiff testified that his trouble was "in-law trouble". The plaintiff contended that his father-in-law, for whom he worked, had too much to say with respect to the family affairs between the plaintiff and the defendant. "In-law trouble" does not constitute gross neglect of duty unless it so affects the conduct of one of the parties to the marriage relation so as to cause said party to commit a breach of duty toward the other. There has been no such showing made in this case. The record does not show that the plaintiff proved one single act on the part of the defendant which could in any manner whatsoever be considered as gross neglect of duty. There has been an entire failure of proof.

A reviewing court will reverse the judgment of the trial court in overruling a motion filed during term to vacate a divorce decree and grant a new trial, on the ground of abuse of discretion, where the record submitted shows a failure to prove any one of the statutory grounds for divorce.

The defendant contends that the judgment was contrary to law. The court granted the decree of divorce to the husband by reason of the aggression of the wife. In the decree the court awarded seventy-five dollars per month as and for alimony until the defendant remarries or until the further order of the court. The court also made an order relative to the support and maintenance of each of the children. The court made no order with respect to the division of property. Sec. 11993 GC, provides in part that: "When the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just; * * *." Under this section there is no authority given to the court when a divorce is granted by reason of the aggression of the wife to award alimony to the wife. In **Greene v. Greene, 54 Abs. 490,** where a similar question was raised, the court held that an attempt to award alimony under such circumstances is void as being contrary to the provisions of §11993 GC. See also **Kristo v. Kristo, 23 Oh Ap 29, 32, 154 N. E. 59.** In Heflebower v. Heflebower, 30 O. C. A. 545, where a decree was entered similar to the one in the case at bar, the court, in discussing the effect of the decree under §11993 GC, held: "If a court makes a decree which is not within the powers granted to it by the law of its organization, the decree is void and it may be attacked collaterally in proceedings in contempt to enforce it".

We conclude that under the provisions of §11993 GC, the decree entered was beyond the powers of the court and was, therefore, void and contrary to law. The judgment will be reversed and the cause remanded for further proceedings according to law on the ground that the motion for new trial should have been sustained on the ground that the judgment was not sustained by sufficient evidence and that the judgment was contrary to law.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.