STATE, ex SIMONS, Plaintiff-Appellant, v. KISER,
Defendant-Appellee.

Ohio Appeals, Second District, Darke County.

No. 684. Decided August 22, 1950.

Spidel, Staley & Hole, Greenville, for plaintiff-appellant.
T. A. Billingsley, Greenville, for defendant-appellee.

## OPINION

By WISEMAN, J:

Submitted on motion of defendant-appellee to dismiss the appeal on the ground that the plaintiff-appellant has appealed from an order granting a motion for new trial upon one of the reasons contained in the motion for a new trial, and that such order is not a final order from which an appeal may be taken.

The sole question presented is whether an order granting a motion for a new trial is a final order from which an appeal may be taken.

This action, which is one in bastardy, was commenced February 13, 1948 and therefore the question presented must be determined under **Article IV, Section 6 of the Ohio Constitution** as amended effective January 1, 1945, and the provisions of §12223-2 GC as last amended effective September 30, 1947. We find no reported opinion deciding this precise question.

In 1937 §12223-2 GC, which defines a "final order," was amended by including in the definition "an order vacating or setting aside a **general verdict** of a jury and ordering a new

trial." The effect of this amendment was before the Supreme Court in **Hoffman v. Knollman, 135 Oh St 170, 20 N. E.** (2d) 221. In that case, which was decided in 1939, the Court held that the jurisdiction of the Court of Appeals was conferred by **Section 6, Article IV, of the Ohio Constitution,** and could not be enlarged or curtailed by legislative enactment; that §12223-2 GC, as amended effective August 23, 1937, would, if given effect, enlarge the jurisdiction of the Court of Appeals and, therefore, was in conflict with **Section 6, Article IV, of the Constitution.**

Finally, the Court held that unless it clearly appears that the trial court abused its discretion in granting the order, an order of a trial court setting aside a general verdict of a jury and granting a new trial is not a final order reviewable by the Court of Appeals.

In 1944 **Section 6, Article IV of the Ohio Constitution** was amended effective January 1, 1945. The Constitutional provision which relates to the question presented provides:

"The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse **judgments or final orders** of Boards, Commissions, officers, or tribunals, and all courts of record inferior to the Court of Appeals within the district, etc." (Emphasis ours.)

The purpose of this amendment was to authorize the legislature to enlarge the jurisdiction of the Court of Appeals, if it deemed it advisable. In 1947 the legislature, acting under this constitutional grant of power, again amended §12223-2 GC effective September 30, 1947 by including in the definition of a final order "an order vacating or setting aside **a judgment** and ordering a new trial." Attention should be called to the fact that the 1937 amendment to §12223-2 GC provided that an order vacating or setting aside a "general verdict of a jury" and ordering a new trial was a final order, whereas the 1947 amendment provides that an order vacating or setting aside "a judgment" and ordering a new trial is a final order. The 1937 amendment conformed to other provisions of the Code of Civil Procedure in effect at that time. However, certain sections of the Code have since been amended changing the procedure which necessitated the substitution of the word "judgment" for "verdict" in the 1947 amendment. Under §§11576 and 11578 GC as amended, effective October 11, 1945, an application for a new trial is no longer filed after the verdict is returned, but rather after judgment of the court has been entered. Consequently, the application for new trial is necessarily directed to the judgment as well as the verdict

of the jury, in cases tried to a jury. Under the present code an order of the trial court sustaining an application for a new trial necessarily involves the vacating and setting aside of the judgment. In the instant case, the motion for new trial was in legal effect a motion to vacate a judgment as well as a motion for new trial. **McAtee v. The Western and Southern Life Insurance Company, 82 Oh Ap 131, 81 N. E.** (2d) 225. In the McAtee case, Judge Ross, writing the opinion for the First District, raised the question as to whether, under the amendment to **Section 6, Article IV, of the Ohio Constitution,** the legislature "changed the character of the action of the court in **overruling a motion for new trial** by reason of the new function of a motion for new trial in its attack upon a judgment, rather than upon a verdict" as provided in §11578 GC, as amended effective October 11, 1945. The Court concluded "that the **overruling of a motion for new trial** is a final order in that as to actions commenced after October 11, 1945, the motion is essentially a motion to vacate a judgment as well as a motion for new trial."

In the McAtee case the order appealed from was an order overruling a motion for new trial, whereas in the case at bar the order appealed from is an order sustaining a motion for new trial. The order appealed from affects the substantial right of the appellant. We do not deem it essential to a decision on the issue presented that this Court hold that the order appealed from carries with it the finality of a judgment. In Hoffman v. Knollman, supra, the Court was confronted with the constitutional provision which limited the jurisdiction of a Court of Appeal to a review of judgments. In that case the court held that an order sustaining a motion for new trial and setting aside a general verdict of the jury did not carry with it the finality of a judgment. **Section 6, Article IV, of the Ohio Constitution** as amended now provides that the Courts of Appeals shall have such jurisdiction as may be provided by law to review, * * *, "judgments or final orders." We conclude the legislature acted within its constitutional grant of power in amending §12223-2 GC by providing that a final order shall include "an order vacating or setting aside a judgment and ordering a new trial." Unquestionably, the purpose of the amendment was to permit such action of the trial court to be reviewed, which in many cases would obviate the necessity of a retrial. See **Vol. 2 O. Jur., page 203, Section 106.**

Motion to dismiss is overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.