**LIEBBRAND, Plaintiff-Appellant, v. BUTLER, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4436. Decided October 2, 1950.

Draper, Lombardo & Morgan, Columbus, for plaintiff-appellant.

Schwartz & Gurevitz, Columbus, for defendant-appellee.

### OPINION

By WISEMAN, J.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio, sustaining defendant's motion to set aside the verdict and judgment entered thereon.

Defendant-appellee contends that the order appealed from

is not a final order from which an appeal may be taken under §12223-2 GC. We do not agree. After §§11576 and 11578 GC, were amended, effective October 11, 1945, a motion for new trial is not only directed to the verdict but to the judgment entered on the verdict. In sustaining the motion for new trial the court not only sets aside the verdict of the jury, but also vacates the judgment. An order of the trial court sustaining a motion for new trial, in actions commenced after October 11, 1945, is a final order from which an appeal may be taken. In the instant case, the action having been commenced after October 11, 1945, the Code provisions in effect since the amendment control, and the order appealed from is a final order. For a more extended discussion of this question see **McAtee v. Western and Southern Life Insurance Company, 82 Oh Ap 131,** 81 N. E. (2d) 225; **Haffner v. Schmeidl, 87 Oh Ap 143; Dyer v. Hastings, 87 Oh Ap 147,** and **State, ex rel. Simons v. Kiser,** Case No. 684, Darke County, decided by this court on August 22, 1950, **58 Abs 257.**

The plaintiff-appellant contends the court erred in sustaining defendant's motion for new trial. The motion for new trial was based on five grounds. The first, second, third and fourth grounds of the motion were not considered by the court. The fifth ground was based on newly discovered evidence. The fifth ground was regarded by the trial court as dispositive and was sustained. The newly discovered evidence was presented to the court in the form of an affidavit, the substance of which is incorporated in the journal entry sustaining the motion for new trial. The error complained of appearing on the face of the record, the affidavit need not be brought before the court in the form of a bill of exceptions.

The newly discovered evidence was to the effect that plaintiff was adjudicated a bankrupt after the action was instituted but before trial. The trial court held that after adjudication and appointment of the trustee in bankruptcy, "to all intents and purposes in this suit the plaintiff became legally dead and has no further right to prosecute this action," in his own name. Thereupon, the court vacated the verdict and judgment and ordered a new trial.

Did the trial court commit reversible errors? We think so. If the plaintiff transfers his interest in the action after the suit is instituted, the procedural steps which may be pursued are controlled by §11261 GC, the pertinent part of which provides as follows:

"On any other transfer of interest, the action may be con-

tinued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted for him."

The verdict of the jury had been rendered and judgment entered thereon before the court was apprised of the fact that the plaintiff had been adjudicated a bankrupt, and no effort has been made to comply with the provisions of §11261 GC.

In **Cullen & Vaughn Company v. Bender Co., 122 Oh St 82,** 170 N. E. 633, the fifth paragraph of the syllabus is as follows:

"The assignment by plaintiff of his interest in a controversy made during the pendency of a suit to recover is not a defense to the action, but the cause may proceed in the name of such plaintiff."

The court, on page 87, states:

"Another element was injected into the case during the course of the trial. It developed that, after the suit was begun the Cullen & Vaughn Company assigned its right to recovery to the receivers of the R. L. Dollings Company. It is therefore contended that the Cullen & Vaughn Company is no longer the party in interest, and for that reason could not further maintain the action after such assignment. This position is untenable, and we need only refer to a former decision of this court, which, if sound, is controlling and decisive. **Lowry v. Anderson, 57 Oh St, 179,** 48 N. E. 810. The syllabus reads:

" 'Upon the transfer by a plaintiff, during the pendency of an action, of all his interest therein, the action may proceed in the name of such plaintiff, or the court may allow the person to whom the transfer is made to be substituted; but such transfer is no defense to the action.' "

In **Detroit & Ironton Rd. Co. v. Vogeley, 21 Oh Ap 88,** 153 N. E. 86, the third paragraph of the syllabus is as follows:

"Under §11261 GC, if settlement between plaintiff, suing railroad for damage to her automobile, and insurance company, took place after commencement of action, cause could proceed against railroad in name of original plaintiff, notwithstanding subsequent assignment or transfer of right of action."

On page 90 the court in its opinion stated:

"We think the second defense was insufficient and demurrable for the reason that it did not contain an averment that the alleged settlement between the plaintiff and the insurance company took place prior to the commencement of the action in the court of common pleas. If such settlement took place after the commencement of the action, the cause could proceed in the name of the original plaintiff, under §11261 GC, notwithstanding subsequent assignment or transfer of a right of action."

In Bonding Co. v. Bank, 22 C. C. N. S. 177, the court in its opinion, on page 190, states:

"Defendant urges, however, that the decision in **Lowry v. Anderson, 57 Oh St 179,** had been modified and distinguished by the several cases reported together under the name of **Insurance Co. v. Carnahan, 63 Oh St, 258,** and for that reason can not be regarded as authority here. We fail to agree with this contention. In some of the cases in Insurance Co. v. Carnahan it was found that the rights of the plaintiffs had been assigned before the commencement of the action, and that the action was therefore not brought in the name of the real party in interest. The actions were all brought by a partnership in the firm name and during their pendency one of the partners died and there was no proper revivor or substitution of the representative or successor in interest in place of the partnership. It was therefore held that the action was in abeyance and could not proceed. The case does not go to the extent of abrogating the provision of §11261 GC, for a continuance of the action in the name of the original party where transfer of interest is made after the commencement of the suit, nor can the fourth proposition of the syllabus as claimed by counsel for defendant be so construed.

"Its proper construction is rather that where an assignment had been made before suit it must be commenced in the name of the assignee, and when made after suit and revivor becomes necessary such revivor should be made in the name of the assignee."

Again, on page 191, the court states:

"In this case there is no dispute that Healy, trustee, was the real party in interest at the commencement of the action, that the action never abated, that it properly proceeded in

the name of the original plaintiff until the bonding company was afterwards substituted as plaintiff under authority of §11261 GC. The action was never in abeyance and never abated."

This court had this question before it in **Colley v. Village of Englewood, 78 Oh Ap 501,** 71 N. E. (2d) 150. This court followed the cases heretofore cited and held:

"Where the plaintiff at the time of instituting his action owns real estate involved and, after the disposal of the action in the trial court and subsequent to the taking of an appeal, sells such real estate, the action may be prosecuted in the name of such plaintiff."

The trial court relied upon, and the defendant-appellee now cites in support of his contention, **Buckingham v. Buckingham, 36 Oh St 68,** and **Vogt, Admr., v. Rush D. Hiller Co., 44 Oh Ap 244,** 184 N. E. 34. In the Buckingham case, action was brought by a bankrupt upon a cause of action which passed to his assignee. The Court held that in order to maintain the action it would be necessary for the bankrupt to allege certain facts which authorized him to bring the action in his name as plaintiff. In the Vogt case the court cites and comments on Lowry v. Anderson and Cullen & Vaughn Co. v. Bender Co. but fails to apply the principles of law laid down in those cases. Instead, the court cited and followed **Phoenix Insurance Co. v. Carnahan, 63 Oh St 258,** 58 N. E. 805, which held:

"If in such case one of the partners dies, the plaintiff firm is under a disability within the meaning of Revised Statutes, Section 5012, and the action is in abeyance and can not proceed without revivor by substitution of the representative or successor in interest, in place of the partnership, which revivor must be on motion of the party to be substituted, or by a conditional order, or upon a supplemental petition.
"A surviving partner can not be so substituted as the party in interest until he has conformed to the provisions of Revised Statutes, Section 3167 and 3169, inclusive."

In that case the court applied the section of the Code relating to the revivor of an action upon the death of a party. However, this Court is of the opinion that the question presented here is not the same as was presented in the Carnahan case, and is controlled by different sections of the Code. The

court in the Carnahan case cited the case of Lowry v. Anderson, and distinguished it on the basis of a different state of facts. On page 268 the court drew a distinction between transfers made before and after the commencement of an action, as follows:

"And the only difference in the effect of them was that, under the one first mentioned above, an action could not be legally begun and prosecuted except in the name of the H. B. Claflin Company, while under the second mentioned assignment the actions should have been revived by substituting the assignee of the interest as plaintiff. The case of **Lowry v. Anderson, 57 Oh St, 179,** does not apply here. The point of that decision was the transfer of interest, pending the suit, was no **defense** to the action, and that was the only point decided in the case. It was expressly stated in the opinion that the assignee might be substituted for the original plaintiff. The case does not touch the point which arises here, viz.: that the actions were not begun or prosecuted in the name of the real party in interest."

In the instant case at the time the action was instituted the plaintiff was the real party in interest and had the right to prosecute the action. In the application of the provisions of §11261 GC, when the fact that the plaintiff had been adjudicated bankrupt and a trustee was appointed, was made known the trial court was required to exercise its discretion to either order the action continued in the name of the plaintiff or to allow the trustee to be substituted for the plaintiff. In our opinion this order can be made before or after judgment. **Bennett v. Dayton Cemetery Assn., 87 Oh Ap 123, 93 N. E. (2d) 712.** The trial court has not seen fit to exercise its discretion under the provisions of §11261 GC.

The facts presented to the trial court did not form a proper basis for granting the motion for new trial. The action of the trial court was prejudicial to the rights of the plaintiff-appellant. The judgment is reversed and the cause is remanded to the trial court with instructions to pass on the other grounds of the motion for new trial and to exercise its discretion under the provisions of §11261 GC.

Judgment reversed.

MILLER, PJ, and HORNBECK, J, concur.