**JOLLEY, Plaintiff-Appellee, v. MARTIN BROTHERS BOX COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 692.   Decided October 13, 1950.

Spidel, Staley & Hole, Greenville, for plaintiff-appellee.

Boggs, Boggs & Boggs, Toledo, Marchal & Marchal, Greenville, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Darke County, Ohio, overruling defendant's motion for judgment non obstante veredicto and from the judgment entered on the verdict in favor of the plaintiff.

Defendant-appellant claims that the second amended petition of plaintiff-appellee did not state a cause of action; that upon the evidence defendant-appellant was entitled to judgment; that the act of which the defendant was found guilty could not as a matter of law have been the proximate cause of the accident and injuries suffered by the plaintiff.

The plaintiff is entitled to the benefit of the most favorable construction of the pleadings and the evidence. **McAtee v. Life Insurance Co., 82 Oh Ap 131, 81 N. E. (2d) 225.** In determining the questions involved this Court is not permitted to weigh the evidence. **Sec. 11601 GC.; Wilkeson v. Erskine & Son, 145 Oh St 218, 61 N. E. (2d) 201; Krueger v. S. Brewing Co., 82 Oh Ap 57, 79 N. E. (2d) 366; Vol. 39 O. Jur., page 799, Section 182.** In the case of Wilkeson v. Erskine & Son the fourth paragraph of the syllabus is as follows:

"Where there is no defect in the statements contained in plaintiff's pleadings and there is substantial evidence from which a reasonable conclusion might be drawn that defendant was guilty of negligence proximately causing plaintiff's injury a motion non obstante veredicto attacking a verdict in favor of plaintiff may not be sustained. The weight of the evidence is not involved upon such motion. (Sec. 11601 GC.)"

We have no difficulty in finding that the plaintiff's second amended petition states a good cause of action.

The question for determination is whether the defendant-appellant was entitled to judgment as a matter of law. The plaintiff charged three specifications of negligence, to-wit: First, that the defendant-appellant operated its two tractor-trailers across the center line and on the wrong side of said highway; second, that the defendant's tractor-trailers were driven at a high and dangerous rate of speed, considering the width, surface and condition of said highway, to-wit: at a speed of fifty miles per hour; third, that the second tractor-trailer was being operated at a distance in the rear of the first tractor-trailer which was closer than was reasonable

and prudent, having due regard for the speed of said tractor-trailers, the weather, the condition of the highway, width thereof and the traffic on said highway, to-wit: at a distance of fifty feet.

The defendant charged the driver of the automobile in which the plaintiff was an occupant with excessive speed.

There was a conflict in the testimony as to the speed of the automobile in which the plaintiff was an occupant and the two tractor-trailers of the defendant company, the position of the tractor-trailers and automobile on the highway at the moment of impact, the distance maintained between the two tractor-trailer outfits, and the manner in which the automobile collided with the second tractor-trailer. The plaintiff and defendant had at the time of trial, and still have, different theories as to the manner in which the collision occurred. Both direct and circumstantial evidence was admitted in support of the two contentions. There is circumstantial evidence to support plaintiff's claim from which a reasonable conclusion might be drawn that the defendant was guilty of negligence proximately causing plaintiff's injuries.

The defendant submitted several interrogatories. Interrogatory No. 1 is as follows: "Do you find that the defendant was guilty of any act or acts of negligence which directly and proximately caused the collision and the injuries claimed by plaintiff?" The jury answered, "Yes." Interrogatory No. 2 is as follows: "if your answer to Interrogatory No. 1 is 'Yes' designate below such act or acts of negligence." The jury answered, "Driving at an excess of speed. Driving second truck too close to first truck." Interrogatory No. 3 is as follows: "If your answer to Interrogatory No. 1 is 'Yes,' do you find on the part of the plaintiff, Dale E. Jolley, any act or acts of negligence causing or contributing to cause the collision and the injuries claimed by plaintiff?" The jury answered, "no." Interrogatories Nos. 4 and 5 requested the jury to answer whether or not the drivers of the two tractor-trailers were guilty of any act or negligence directly and proximately causing the collision and injuries to the plaintiff. The jury answered "Yes" to both of these interrogatories. The fact that the jury failed to find, in answer to Interrogatory No. 2, in favor of the plaintiff upon the first specification of negligence, to-wit: That the tractor-trailers were operated across the center line and on the wrong side of the highway, is not inconsistent with a verdict for the plaintiff. The first interrogatory required the jury to find whether the defendant was guilty of any acts of negligence which directly and proximately

caused the collision and injuries claimed by the plaintiff. The second interrogatory required the jury to designate such act or acts of negligence. Both interrogatories involved the element of proximate cause. The answer to Interrogatory No. 2 supports the second and third specifications of negligence as alleged in the second amended petition, either of which being sufficient to support the verdict. It is contended by the defendant-appellant that since the jury failed to find, in answer to Interrogatory No. 2, that the defendant's tractor-trailers were operated across the center line and on the wrong side of the highway, as charged in the first specification of negligence, the defendant-appellant was entitled to judgment as a matter of law on the ground that the second and third specifications cannot be considered as the direct and proximate cause of the accident and injuries to the plaintiff. It does not necessarily follow that the jury found that the defendant was operating said tractor-trailers at all times on the right side of the center of the highway. True, a specification of negligence on which the jury fails to make a finding is tantamount to a finding against the party which has the burden of proof. **Masters v. N. Y. C. Rd. Co. 147 Oh St 293, 298, 70 N. E. (2d) 898.** However, the second interrogatory, as submitted, required the jury to state the acts of negligence of which the defendant was guilty which were the **proximate cause** of plaintiff's injuries. The jury may have concluded that the tractor-trailers of defendant were being operated across the center line and on the wrong side of the highway but that this act of negligence was not the proximate cause of plaintiff's injuries. The verdict can and must rest upon the answers to the interrogatories as given, which are sufficient to support the verdict. We cannot agree that, assuming there was evidence to justify the finding reached by the jury, the negligent acts of which the defendant was found guilty could not as a matter of law have been the proximate cause of the accident and the injuries to the plaintiff. What was the proximate cause was a question for the jury, since different inferences may be drawn from the evidence submitted. **Vol. 29, O. Jur., page 742, Section 207.**

The jury found, in answer to Interrogatory No. 3, that the plaintiff was not guilty of any act or acts of negligence causing or contributing to the cause of the collision and plaintiff's injuries. Any acts of negligence of which the driver of the automobile was guilty could not be imputed to the plaintiff as a matter of law.

We fail to find prejudicial error in the action of the trial court in overruling the motion for judgment non obstante

veredicto and entering judgment on the verdict. We find no assignments of error well made.

Judgment affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON APPEAL FROM A JUDGMENT

Nos. 686-692. Decided November 16, 1950.

By MILLER, PJ:

This is an appeal from a judgment sustaining a motion granting a stay of execution without bond in accordance with §11601-1 GC. The record discloses that the action was one for personal injuries arising out of a collision between two automobiles. A jury trial was had and on November 4, 1949, a verdict was returned in favor of the plaintiff. On November 7, 1949, the defendant filed a motion for judgment non obstante veredicto. The hearing on this motion was delayed for the purpose of filing briefs, but on April 11, 1950, an entry was filed overruling the motion. Following this decision entry was filed entering judgment on the verdict. Immediately after the filing of this entry a motion for a new trial was filed by the defendant followed by a notice of appeal to this Court from the order of the trial court overruling the defendant's motion for judgment non obstante veredicto. Following the filing of the journal entry, the motion for new trial and notice of appeal, the plaintiff filed a praecipe for execution and a certificate of judgment, whereupon the defendant filed a motion to stay such execution in accordance with the provisions of §11601-1 GC. The Court granted this motion and the appeal is from the order of the trial court staying such execution.

The defendant-appellee herein raises the question whether this is an appealable order under §12223-2 GC. We are of the opinion that it comes within the statutory definition.

The first error assigned is that the trial court erred in construing §11601-1 GC in holding that under the provisions of said section the judgment entered by the trial court on the verdict of the jury was automatically stayed without bond pending the disposition of the motion for a new trial. The only part of this section which has any application to this appeal is the first paragraph which reads as follows:

"Sec. 11601-1 GC. Stay of execution; bond not required, when. In its discretion and on such conditions, for the security of

the adverse party as are proper, the Court may stay the execution of, or any procedure to enforce a judgment during the time within which a motion for a new trial may be filed and pending the disposition thereof; provided, however, without application to the court therefor, such stay shall automatically be in effect following the entry of judgment on the verdict of a jury and pending the disposition of an application for new trial made under §11578 GC."

The appellant has made reference to certain rules of construction in order to maintain his position that the first part of the section has application instead of the second part which makes reference to an automatic stay of execution. However, rules of construction can have application only when the statute under consideration is subject to different interpretations or is indefinite or uncertain. We are unable to find any ambiguity or uncertainty in said statute. Its requirements are mandatory upon the entering of a judgment upon the verdict of a jury and pending the disposition of a motion for a new trial filed under §11578 GC. It is our interpretation that where a trial is held without the intervention of a jury the stay of execution is left to the discretion of the trial court and on such conditions and for such security as the trial court, in its judgment, may deem proper.

It is further urged that should we construe the statute as we have, that the same would be unconstitutional in that it violates **Article I, Section 19,** which provides, "that private property shall be held inviolate." We think the doctrine is well established in this state that the Legislature is empowered to enact statutes governing both trial and appellate procedure in our courts. Whatever rights plaintiff has in enforcing his judgment are rights given to him by the Legislature. The statute in question does nothing to take away appellant's judgment or his rights to enforce the same. It has only stayed the exercise of these rights pending the disposition of a motion for a new trial. We have examined the opinion of the trial court and note that he says therein, although it is not included in the judgment entry, that the motion for a new trial should not be disposed of pending the outcome of the appeal by the defendant to the ruling of the trial court overruling the defendant's motion for a judgment non obstante veredicto. We can see no reason for this delay. The Court seems to rely upon the case of **Massachusetts Mutual Life Ins. Co. v. Hauk, 72 Oh Ap 131,** wherein Judge Nichols states at page 137:

"This court is of opinion that plaintiff cannot be deprived

of its right to a decision upon both of these motions, but recognizing, of course, that if the motion for judgment notwithstanding the verdict is sustained there would be no occasion in the first instance to pass upon the motion for new trial. If plaintiff's motion for judgment notwithstanding the verdict is sustained, we think the established practice has been to withhold passing upon the motion for new trial until such time as the decision on the motion for judgment notwithstanding the verdict has either been approved or reversed by the reviewing court, and if reversed the cause should be remanded to the trial court to pass upon the motion for new trial."

It will be noted here that the court was speaking of the procedure in the event the motion for judgment non obstante veredicto was sustained. We have the opposite situation in the case at bar. We think the delay might be prejudicial to the plaintiff's interest, while an early ruling would help expedite the same.

Finding no error in the record, the order will be affirmed.

HORNBECK and WISEMAN, JJ, concur.

### ON MOTION FOR AN ORDER

Nos. 686-692. Decided December 21, 1950.

By THE COURT:

Submitted on motion of the defendant-appellant for an order certifying this cause to the Supreme Court for review on the ground that the judgment of this Court is in conflict with the judgment pronounced by the Court of Appeals of Erie County (erroneously stated to be Lucas County) in the case of **Casanova v. Wagner, 85 Oh Ap 278.**

In our opinion we recognized the principle of law announced in Casanova v. Wagner, but held that the interrogatories submitted in the instant case involved two elements, viz: negligence and proximate cause. In our opinion this factor in the case distinguishes the case at bar from the case of Casanova v. Wagner.

Motion to certify is overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.