JOLLEY, APPELLEE, *v.* MARTIN BROS. BOX CO., APPELLANT.

416

(No. 692—Decided July 28, 1951.)

*Messrs. Spidel, Staley & Hole,* for appellee.
*Messrs. Boggs, Boggs & Boggs* and *Messrs. Marchal & Marchal,* for appellant.

WISEMAN, J.   This case is submitted on motion of plaintiff-appellee to dismiss the appeal.   A recitation of certain facts of record is essential in order to clearly present the issue raised.

The petition was filed in the Common Pleas Court of Darke County on November 28, 1947, in an action for damages for personal injuries.   The matter was tried before a jury which rendered a verdict for the plaintiff on November 4, 1949.   On November 7, 1949, before judgment was entered, defendant filed a mo-

tion for judgment notwithstanding the verdict. On May 1, 1950, an entry was journalized overruling the motion and entering judgment on the verdict. On the same day the defendant filed a motion to set aside the judgment and the verdict of the jury and for an order granting a new trial. From the file stamp it appears that the motion for new trial was filed after the entry overruling the motion for judgment notwithstanding the verdict and entering judgment on the verdict was filed. This conclusion is supported by the fact that in the entry entering judgment defendant was granted leave to withdraw his motion for new trial which had been prematurely filed, and was granted leave to file a motion for new trial.

On May 1, 1950, defendant gave notice of appeal from the order overruling its motion for judgment notwithstanding the verdict and, also, from the order entering judgment upon the verdict. On appeal this court affirmed the judgment of the trial court. *Jolley v. Martin Bros. Box Co.,* 89 Ohio App., 372, 99 N. E. (2d), 672, 59 Ohio Law Abs., 314. A motion to certify the record was overruled by the Supreme Court. The pertinent part of the entry of affirmance filed in this court is as follows:

"Upon consideration whereof the court finds no error in the action of the trial court in overruling said motion for judgment notwithstanding the verdict entered in said cause and in entering judgment on said verdict in favor of plaintiff and against the defendant.

"It is therefore considered, ordered and adjudged by the court that the judgment of said Court of Common Pleas of Darke County, Ohio, in overruling the motion of the defendant, the Martin Brothers Box Company for judgment in its favor notwithstanding the verdict of the jury rendered in said cause in favor of plaintiff, and that the action of the trial court

in entering judgment on said verdict in favor of plaintiff and against said defendant be and the same are hereby affirmed, there being however in the opinion of the court reasonable grounds for this appeal."

A mandate conforming to this judgment was sent to the trial court.

Thereafter on January 18, 1951, the motion for new trial filed on May 1, 1950, came on for hearing in the trial court. At this hearing evidence was introduced and a record made thereof, which record is presented to this court in the form of a bill of exceptions. On March 23, 1951, an entry was filed overruling the motion to set aside the judgment and for a new trial. On April 11, 1951, notice of appeal was filed from the order overruling defendant's motion for new trial and entering judgment upon the verdict as shown by entry filed on May 1, 1950.

The plaintiff contends that in the former appeal two matters were presented to this court: First, did the trial court err in overruling defendant's motion for judgment notwithstanding the verdict? Second, did the trial court err in entering judgment upon the verdict? Unquestionably these two matters were presented to this court by the former appeal, and the entry of affirmance filed in this court determined these two issues. In view of this state of the record plaintiff now contends that the questions raised by this appeal are *res judicata*; that by electing to appeal before the motion for new trial was determined, the defendant waived its right to complain by filing a motion for new trial; and that an order overruling a motion for new trial is not a final order.

We discuss the contentions of plaintiff in inverse order. Prior to recent amendments of the Code it was held that an order overruling a motion for new trial was not a final order from which an appeal may be

taken. Under the amended sections of the Code a motion for new trial is directed to the judgment as well as the verdict. *State, ex rel. Simons,* v. *Kiser,* 88 Ohio App., 181, 96 N. E. (2d), 306; *Liebbrand* v. *Butler,* 88 Ohio App., 185, 97 N. E. (2d), 80. See Sections 11575, 11576 and 11578, General Code, as amended effective October 11, 1945. In *McAtee* v. *Western & Southern Life Ins. Co.,* 82 Ohio App., 131, 81 N. E. (2d), 225, the court held that in an action commenced after October 11, 1945, an order overruling a motion for new trial is a final order. This same ruling has been followed in *Williams* v. *Martin,* 82 Ohio App., 395, 81 N. E. (2d), 806; *Caswell* v. *Lermann,* 85 Ohio App., 200, 88 N. E. (2d), 405; *Miller* v. *Miller,* 56 Ohio Law Abs., 280, 91 N. E. (2d), 804. Since the Supreme Court decided the case of *Green* v. *Acacia Mutual Life Ins. Co.,* 156 Ohio St., 1, 100 N. E. (2d), 211, the correctness of this ruling may be questioned. However, this will be our ruling until the Supreme Court rules otherwise. This action being commenced in 1947, the order of the court overruling the motion to set aside the judgment and granting a new trial was a final order. It must be observed, too, that the second appeal, which is presently before us, is also from the judgment entered on May 1, 1950.

The order overruling the motion for judgment notwithstanding the verdict and, likewise, the order overruling the motion for new trial were final orders from which separate appeals could be prosecuted. The appellant had a right to pursue its remedy on both motions, neither being considered a waiver of the other. See *Massachusetts Mutual Life Ins. Co.* v. *Hauk,* 72 Ohio App., 131, 137, 51 N. E. (2d), 30. The appellant did not waive its right to pursue the second appeal unless the fact that the affirmance by this court of the order entering judgment on the verdict in the first

appeal deprives the appellant of the right to prosecute this appeal. The appellant, at the time the first appeal was taken, could have appealed only from the order overruling the motion for judgment notwithstanding the verdict. After judgment on the verdict, a motion for new trial was in order and, if overruled, another appeal could have been taken. Does the fact that the first appeal included the order entering judgment on the verdict deprive the appellant from prosecuting this appeal? In an appeal from an order overruling a motion for judgment notwithstanding the verdict, the question presented is whether the appellant was entitled to judgment as a matter of law. In such appeal the reviewing court cannot weigh the evidence; neither can it pass upon such matters as misconduct of counsel or misconduct of the jury and similar matters which may properly be raised on motion for new trial. In the instant case the grounds for the motion for new trial are matters which the reviewing court can not determine in passing upon the question as to whether the trial court erred in overruling the motion for judgment notwithstanding the verdict.

But the plaintiff claims that since this court affirmed the action of trial court in entering judgment on the verdict, such affirmance operates as *res judicata* not only as to all matters which were raised but, also, with respect to all matters which the appellant could have presented. 23 Ohio Jurisprudence, 963, 979, 986, Sections 731, 748, 753. In the first appeal, embracing as it did the order of the trial court in entering judgment on the verdict, the appellant could have raised any questions which would show error on the part of the trial court in entering judgment. In the instant case several of the errors assigned as the basis for the motion for new trial relate to actions of the court prior to or during the trial and before judgment was

entered on the verdict. However, the error assigned, concerning misconduct of the jury involving a quotient verdict, on which evidence was presented at the hearing on motion for new trial, which evidence is part of the bill of exceptions, could not have been raised in the first appeal. Such matters could be presented only in the trial court on motion for new trial and in this court on an appeal from the ruling on the motion. Newly discovered evidence is not claimed as one of the grounds for new trial.

We find no reported opinion in Ohio deciding the precise question presented here. However, in 3 American Jurisprudence, 677, 678, Section 1166, we find a statement in the text which is applicable to the issue raised, which is as follows:

"It may be stated generally that a judgment of affirmance is a determination by the appellate court that the proceeding under review is free from prejudicial error. Such action ends the case in the appellate court and deprives such court of all power to add, to, or alter, the record as certified, by rescinding the order of affirmance and dismissing the appeal. *All questions raised by the assignments of error and all questions that might have been so raised are to be regarded as finally adjudicated* against the appellant or plaintiff in error, and the judgment affirmed must be regarded as free from all error, even though errors were present which were not raised by the assignment of error and the record contains defects not discovered until after the judgment had been affirmed and the petition for rehearing denied. * * *

"The affirmance of a judgment entered on a verdict is a decision that the verdict was authorized by the evidence. * * *"

"The judgment appealed from is merged in a judgment of affirmance on appeal." (Emphasis ours.)

In 2 American Jurisprudence, 912, Section 104, it is stated:

"A judgment on remand from an appellate court is not reviewable where the lower court complies with the mandate. Such a judgment or decree, when entered, is in effect the judgment or decree of the appellate court, and the appeal, if allowed, would be practically an appeal from the appellate court to itself." See, also, 3 Corpus Juris, 344, 353, Sections 92, 107.

The first appeal embraced the order entering judgment on the verdict; the second appeal embraced the same order. An appellant is not permitted to appeal from a part of the judgment. 2 Ohio Jurisprudence, 91, Section 36; 4 Corpus Juris Secundum, 204, Section 109. A party cannot split an appeal. 4 Corpus Juris Secundum, 116, Section 38.

In the instant case any alleged errors of the trial court which could have been raised in determining whether the trial court properly entered judgment on the verdict and which could have been presented in the first appeal cannot be presented in this appeal. The first appeal constitutes *res judicata* as to such matters. A motion for new trial was not necessary to raise certain questions presented by appellant. Under Section 11576-1, General Code, a motion for new trial is not necessary to raise the question as to the sufficiency and weight of the evidence. Section 11576-2, General Code, provides that Section 11576-1, General Code, shall apply to pending actions. A complete bill of exceptions was before this court.

Any matter which could not have been raised in the first appeal can be raised in this appeal. Consequently, the judgment of the appellate court in the first appeal constitutes *res judicata* with regard to all matters which were raised or could have been raised in

the first appeal in determining whether the trial court properly entered judgment on the verdict. There cannot be a second appeal from an order entering judgment on the verdict. The judgment in this court in the first appeal does not constitute *res judicata* with respect to those matters which could only be raised on a motion for new trial. Those issues were not and could not have been presented in the first appeal.

The motion to dismiss the appeal will be sustained so far as the appeal relates to the order entering judgment on the verdict, and overruled so far as it relates to the order overruling the motion for new trial with respect to those matters which could have been presented only in support of a motion for new trial.

*Judgment accordingly.*

HORNBECK, P. J., and MILLER, J., concur.

(Decided August 8, 1951.)

ON APPLICATION for rehearing.

*Per Curiam.* The application for rehearing is hereby overruled. The journal entry may stipulate that all assignments of error are dismissed except the assignment of error designated "J," on the ground that the first appeal constitutes *res judicata* with respect to such matters. The question raised under assignment of error "J" is reserved for determination on this appeal.

*Judgment accordingly.*

HORNBECK, P. J., MILLER and WISEMAN, JJ., concur.